## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Anthony Angelo Zanetti

June 20, 1983

Case No. 9021

By JUDGE BERNARD G. BARROW

The defendant has moved to quash an indictment charging him with capital murder on the grounds that he was denied a preliminary hearing. I have concluded that his motion should be granted.

On September 14, 1982, an arrest warrant was issued in Virginia Beach charging the defendant with capital murder. The next day an affidavit of complaint was filed in Tennessee where a warrant was issued charging him with being a fugitive wanted for the capital murder in Virginia. On September 17 the defendant was arrested on the Tennessee fugitive warrant, and on September 30, 1982, the defendant was bonded and released from custody.

The defendant absconded and while out of custody was indicted by a Virginia Beach Grand Jury on October 4, 1982. He was then arrested in February 1983 on a Federal fugitive warrant and returned to Virginia Beach where he was arrested on a capias issued by the Clerk of this Court as a result of the indictment for capital murder.

The defendant contends that since he was arrested on September 17, 1982, for the capital murder, which is the subject matter of the indictment, he was entitled by statute to a preliminary hearing before this indictment could be returned. The Commonwealth responds that since the arrest was not on the Virginia Beach warrant issued on September 14, but on the fugitive warrant issued by

the authorities in the State of Tennessee, the statutory provisions do not apply.

The statute in question provides in part:

> No person who is arrested on a charge of felony shall be denied a preliminary hearing. . . and no indictment shall be returned in a court of record. . . prior to such hearing unless such hearing is waived in writing by the accused. Va. Code § 19.2-218 (1975).

This requirement is not jurisdictional or constitutionally imposed but is only statutory and procedural. *Webb* v. *Commonwealth*, 204 Va. 24 (1963). However, where a defendant insists upon his statutory right to a preliminary hearing, the failure to adhere to the procedural requirements of this statute is reversible error. *Triplett* v. *Commonwealth*, 212 Va. 649 (1972).

The purpose of this requirement is suggested by the history of its adoption. In *Benson* v. *Commonwealth*, 190 Va. 744 (1950), the Supreme Court held that a defendant had no right, either by statute or constitution, to a preliminary hearing prior to his being indicted. In that case, the defendant had been arrested on a warrant and when he insisted upon a preliminary hearing the Commonwealth's Attorney dismissed the warrant. The defendant was later indicted by a grand jury.

The provision now included in § 19.2-218 was subsequently adopted by the legislature and, it may be assumed, was enacted to change the effect of the holding in the *Benson* case. *Webb* v. *Commonwealth, supra* at 31. Thus a criminal defendant arrested on a warrant without the protection of a grand jury proceeding is assured a judicial determination of the probable cause for his detention.

By its language the statute applies to a person "arrested on a charge of felony." No distinction is made concerning the manner of the arrest. The statute's application is triggered by the arrest, not by the form of the warrant.

The defendant was "arrested on a charge of felony" without the protection of a grand jury proceeding. The preliminary hearing was not waived in writing, and the defendant had objected prior to trial. The statute prohibits the return of an indictment until there has been a preliminary hearing. Therefore, I am of the opinion

that the motion to quash the indictment of capital murder should be granted.