574 So.2d 105 (1991)
William REAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 71148.
Supreme Court of Florida.
January 15, 1991.
Rehearing Denied February 27, 1991.
*106 Clifford H. Barnes, Special Appointed Public Defender, Ft. Pierce, for appellant.
Robert A. Butterworth, Atty. Gen., and Eddie J. Bell and Celia A. Terenzio, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
William Reaves appeals his conviction for murder and sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In the early morning hours of September 23, 1986, Deputy Richard Raczkowski of the Indian River Sheriff's Department was dispatched by the 911 operator to a convenience store in response to a call received from the store's pay telephone. According to Reaves' confession, when the deputy arrived at the store he spoke to Reaves who explained he had made the 911 call because he had no money to call a taxi cab. The deputy then called the 911 operator and requested a cab be sent to the store.
In his confession Reaves stated that while he and the deputy awaited the cab, a gun fell from the shorts Reaves was wearing. When Reaves tried to pick up the gun, the deputy prevented him from doing so by stepping on his hand. Reaves pushed the deputy's knee and then grabbed him by the throat. Reaves eventually got the gun and declared he would not give it to the deputy. The deputy backed away before turning to run. Reaves then shot the deputy in the back four times, claiming he was frightened because he had been using cocaine and because the deputy had reached for his own gun.
It was later determined that the deputy's gun in fact had been fired three times.
After the shooting Reaves went to the home of a friend named Hinton. According to Hinton, Reaves said he was able to retrieve the gun after pushing the deputy in the throat. Reaves pointed the gun in the deputy's face as the deputy attempted to draw his own weapon and stated, "I wouldn't do that if I were you." The deputy began backing away, turned, and ran. Reaves then shot him as he ran away.
The dispositive issue presented in this case deals with matters that occurred in the trial itself. Bruce Colton, a state attorney actually involved in prosecuting Reaves for the present murder, previously had represented Reaves as an assistant public defender in a case involving grand larceny charges. Reaves now contends that many of the issues involved in the present case  particularly mitigating factors during the penalty phase  were similar to issues raised in this prior criminal proceeding. As a result, argues Reaves, an appearance of impropriety was created that demanded the disqualification of Colton as a prosecutor.
*107 We agree. Indeed, we believe Justice Ehrlich's comments in State v. Fitzpatrick, 464 So.2d 1185, 1188 (Fla. 1985) (Ehrlich, J., dissenting), are equally applicable to the case at hand:
All attorneys, public and private, are bound by Canon 9 [of the Code of Professional Responsibility] to "avoid even the appearance of professional impropriety." ... Although we are convinced that in this case no actual breach of client confidentiality has occurred or would have occurred, we are not the forum in need of convincing. To the public at large, the potential for betrayal in itself creates the appearance of evil, which in turn calls into question the integrity of the entire judicial system. When defendants no longer have absolute faith that all confidential communication with counsel will remain forever inviolate, no candid communication will transpire, and the guarantee of effective assistance of counsel will become meaningless. This is too high a cost for society to bear.
While the majority opinion in Fitzpatrick did not directly confront the issue we face today, we nevertheless believe that Fitzpatrick can only be interpreted to require the disqualification of Colton in this instance. Id. at 1187 (majority opinion).
Indeed, the discussion in Fitzpatrick of Formal Opinion 342 of the American Bar Association requires this conclusion. The Formal Opinion obviously mandates the disqualification of a prosecutor who previously has defended the same person. This is true even though the entire state attorney's office may be disqualified only if the individual prosecutor is not properly screened from direct or indirect participation in, or discussion of the case. Id. (citing 62 A.B.A.J. 517, 522 (1976)). We agree that this also is the proper interpretation of Florida law.
To implement these ethical considerations and prevent the perception or actuality of a breach of confidentiality, we hold that reversal is necessary in cases of this type. Under this decision, a conviction must be reversed if the trial court denies a pretrial defense motion to disqualify a prosecutor who previously has defended the defendant in any criminal matter that involved or likely involved confidential communications with the same client. Disqualification will not be required if the prosecutor's prior representation involved a perfunctory matter, such as a motion hearing, in which the prosecutor did not actually receive privileged information.
If any doubt exists as to whether the prosecutor previously received privileged information in a prior defense, this question should be resolved by the trial court in a pretrial hearing. The trial court's ruling on this question will not be overturned on appeal unless unsupported by competent substantial evidence. To avoid administrative confusion, we also hold that this rule of disqualification will be applicable only to the present case and to cases that commence at any time after midnight on the date this opinion is released.
Finally, we caution our defense attorneys that the rule set forth in this opinion may be invoked only if the defense raises a proper motion to disqualify before trial begins. Failure to make the motion in a timely manner will be deemed a waiver unless the defense can demonstrate that due diligence would not have disclosed the facts surrounding the prosecutor's prior involvement with the defendant.
We also caution our state attorneys that any prosecutor who is disqualified under this rule must be properly screened from other state-attorney personnel. Failure to do so may require the trial court, upon a proper motion and factual predicate, to disqualify the entire state attorney's office. See Fitzpatrick, 464 So.2d at 1187 (majority opinion) & 1188-89 (Ehrlich, J., dissenting).
In the present case, the record contains court documents verifying that Colton was attorney for Reaves in a prior grand larceny case. There is no question that Colton had actual access to privileged defense-related information in this prior proceeding.[*] *108 Reaves properly moved to disqualify before trial, and the trial court erred in denying the motion. As a result, the conviction may not stand.
The judgment and sentence are reversed and this matter is remanded to the trial court for new trial. All other issues raised by Reaves now are moot, and we do not address them.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
NOTES
[*] Accordingly, this case is distinguishable from Trotter v. State, No. 70,714, slip op. at 5 (Fla. Dec. 20, 1990), in which the trial court found that the prosecutor had received no privileged information in his prior defense of the same defendant.