## Richmond

HOWARD WELFORD HUMES

v.

COMMONWEALTH OF VIRGINIA

No. 0086-91-2

Decided August 13, 1991

Counsel

Bruce R. Williamson, Jr. (Williamson & Toscano, on brief), for appellant.

Janet F. Rosser, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

Opinion

**BARROW, J.**—In this appeal of a conviction of second degree murder, the defendant contends that the trial court erred in denying his motion for a new trial because the Commonwealth failed to disclose exculpatory evidence to him. We hold that, although the evidence had exculpatory value and should have been disclosed, when considered in the context of all of the evidence offered at trial, there is no reasonable probability that, had the evidence been disclosed to the defense, the result would have been different. Therefore, we affirm.

The defendant and his brother surrendered themselves to the police the night after the victim's murder. The brothers had been involved in an illegal drug transaction with the victim when a disagreement arose over payment for the drugs. An armed scuffle resulted among the defendant, his brother, and the victim. The defendant's brother, armed with a knife said to have a three-inch blade and a three-inch handle, first stabbed the victim. After falling to the ground, the victim arose from the ground bleeding from his stomach. The defendant then grabbed the victim by the shoulder and began stabbing him repeatedly in the chest with a knife with a twelve-inch blade. The victim again fell to the ground and died.

The autopsy revealed that the victim had been stabbed seven times and that the fatal wound was one which entered his heart. There was one large wound on the front of the heart twenty-five millimeters long and two smaller wounds ten millimeters long through the back of his heart. The medical examiner testified that, in his opinion, since the heart is three inches inside the body and another two to three inches thick, a five to six-inch blade was necessary to cause these wounds.

Defendant's discovery motion, including a request for exculpatory evidence, was granted by the trial court. The defendant specifically requested in his motion that all exculpatory evidence and any statements made by any witnesses to the murder be produced to permit him to determine if there were any inconsistencies in eyewitness accounts. Although the Commonwealth's attorney responded to the order requiring production of these materials, he did not produce a statement he obtained from a witness two days before the trial.

This statement was obtained from a cellmate of the defendant's brother who said that the defendant's brother told him that he had stabbed the victim five or six times and that it felt like "his hand was going all the way to his backbone." The defendant contends that this evidence was exculpatory since it favored the defendant's contention at trial that the fatal wound was inflicted by his brother rather than himself.

The defendant moved for a new trial because of the Commonwealth's failure to produce the cellmate's statement. The trial court denied the motion because the defendant's brother had been available to the defense for examination and because it was not "likely that the disclosure of that information would have changed the jury verdict."[1]

"[S]uppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment. . . ." *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Disclosure is required where the evidence is both (1) favorable to the defendant, and (2) material

---

[1] The defendant contends that the trial court used an improper standard for considering his motion for a new trial. However, we need not address this issue since on review we are able to determine, using the applicable standard for materiality on direct appeal, that the trial court correctly denied the motion for a new trial.

either to guilt or to punishment. *Keener v. Commonwealth*, 8 Va. App. 208, 212, 380 S.E.2d 21, 23 (1989) (citing *United States v. Bagley*, 473 U.S. 667, 674 (1985)). Even though ordered to produce exculpatory material to the defendant, the Commonwealth's attorney did not reveal the cellmate's statement to the defense. The question, then, is whether the statement was favorable to the defendant and material to guilt or punishment.

■ A confederate's statement that he "actually killed the victim" is favorable to a defendant charged with first degree murder. *White v. Commonwealth*, 12 Va. App. 99, 101, 402 S.E.2d 692, 694 (1991) (*reh'g en banc granted*) (citing *Brady*, 373 U.S. at 87). Such evidence is favorable to the defendant on the issue of guilt or innocence because it may have shown that someone else committed the crime. *Id.* at 101, 402 S.E.2d at 694. It is also favorable to the defendant on the issue of punishment because evidence that "the defendant was a principal in the second degree instead of the actual murderer was a circumstance in mitigation of the sentence imposed." *Id.* at 102, 402 S.E.2d at 694.

The Commonwealth argues that, since the jury was instructed that a principal in the second degree is liable for the same punishment as a principal in the first degree, it was irrelevant whether the fatal wound was inflicted by the defendant or his brother. Therefore, it argues, the statement was not exculpatory as to either guilt or punishment. However, the defendant's sentence of twenty years imprisonment, the maximum for a second degree murder conviction, may not have been as harsh had the jury concluded that a confederate, and not the defendant, inflicted the fatal blow.

■ Even if the statement is favorable to the defendant on the issue of guilt or punishment, it must also be material before the defendant is entitled to a new trial. Evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagley*, 473 U.S. at 682.[2] Confidence in the outcome of

---

[2] This test of materiality is applied by an appellate court reviewing a case in which the prosecution has failed to disclose exculpatory evidence. It does not provide an appropriate definition of "materiality" for use pre-trial at the time disclosure is required since the test necessarily requires hindsight judgment, *i.e.*, whether the non-disclosed evidence might have affected the outcome of the case. A prosecutor when asked to disclose evidence pre-trial is not in a position to determine that question. In addition, even if the prosecution

the trial must be undermined for the "reasonable probability" standard to be met. *Tatiano v. Commonwealth*, 4 Va. App. 342, 349, 358 S.E.2d 590, 593-94 (1987).

The cellmate's statement, when viewed in isolation, suggests an inference that the fatal blow may have been struck by the defendant's brother rather than the defendant; however, such an inference is inconsistent with the other evidence produced at trial. The defendant argues that had the victim's chest compressed sufficiently as a result of the power of the blow from the defendant's brother, his knife with a three-inch blade could have penetrated the victim's heart. This hypothesis is contradicted, however, by the medical examiner's testimony that a six-inch blade was necessary to cause the wounds to the heart. Furthermore, no evidence was presented at trial supporting a theory that the victim's chest would have compressed as now argued by the defendant. The defendant also argues that the brother's knife may have had a blade longer than three inches, but no evidence produced at trial supports that argument. Finally, the evidence at trial that the victim, after being stabbed by the defendant's brother, rose from the ground bleeding from his stomach and was then grabbed by the defendant who stabbed him in the chest, decidedly refutes the defendant's theory that the victim was killed by the defendant's brother. Therefore, even though the statement tended to be exculpatory, when viewed in context of all of the evidence presented at trial, there is no reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been any different. The judgment of conviction is, consequently, affirmed.

*Affirmed.*

Benton, J., and Elder, J., concurred.

---

could make that determination, it would lead to the unacceptable conclusion that a prosecutor's disclosure obligation is less when his or her case is strong.

Prosecutors are also guided by their ethical responsibilities which require them to "[m]ake timely disclosure to counsel for the defendant, or to the defendant if he has no counsel, of the existence of evidence, known to the prosecutor or other government lawyer, that *tends* to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment." DR 8-102(A)(4) (emphasis added).