667 So.2d 341 (1995)
Patrick COLTON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-3017.
District Court of Appeal of Florida, First District.
October 24, 1995.
*342 Nancy A. Daniels, Public Defender; and Christine M. Ryall, Chet Kaufman, and C. Raymond Dix, Assistant Public Defenders, Tallahassee, for appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, and Jean-Jacques Darius, Assistant Attorney General, Tallahassee, for appellee.

ON APPELLANT'S MOTION TO DISQUALIFY
PER CURIAM.
Asserting a conflict of interest, appellant seeks to disqualify the attorney representing the state. We find that no grounds exist for disqualification and deny the motion.
We begin by stating that we have resolved all factual disputes in favor of appellant. We have accepted the allegations made by appellant and have given him the benefit of all inferences. If this were a case which required the resolution of factual disputes, we would have appointed a special master to make factual findings. Taking all of the allegations made by appellant as true, we determine that there has been no showing that disqualification is appropriate.
Jean-Jacques Darius was employed by the Office of the Public Defender for the Second Judicial Circuit as a trial attorney in both the Quincy and Tallahassee branch offices. While Darius was employed by the Public Defender, Patrick Colton was convicted and sentenced in the Fourth Judicial Circuit. Colton filed a notice of appeal and the Public Defender for the Second Judicial Circuit was designated to represent him on appeal. Thereafter, Darius left the Public Defender's office and began his employment with the Criminal Appeals Division of the Office of the Attorney General in Tallahassee.
The Public Defender filed an initial brief and Darius filed an answer brief on behalf of the state. Colton moved to disqualify Darius showing that Darius was employed by the Public Defender at the time Colton filed his notice of appeal. Colton asserted that because of the unique operation of the Public Defender's Office, Darius could have been exposed to privileged information concerning Colton's appeal. Both the trial and appellate sections of the Public Defender's Office are housed in the same facility in Tallahassee. The office law library is often the site of informal case discussions. In addition, assistant public defenders conduct in-house training seminars focusing on procedural and substantive legal issues. The presenters often use privileged information from pending appellate and trial cases as illustrations without identifying the clients by name. Appellant stated that Darius could have been exposed to confidential information about Colton's case which would prejudice him on appeal. Darius filed an affidavit in which he stated that he was not privy or exposed to any information regarding pending appellate cases, including Colton's appeal. Finally, Colton asserted that disqualification was required because of the appearance of impropriety.
We note that there is no Rule of Professional Conduct which applies to this fact situation. Rule 4-1.10 applies to lawyers moving from one firm to another. Rule 4-1.11 covers successive government and private employment. There is no rule which specifically addresses successive government *343 to government employment when those interests are adverse, as is the case here. Likewise, we reject appellant's assertion that Florida Rule of Judicial Administration 2.060(c) is applicable here. That rule prohibits former judicial research aides from participating in any manner in any proceeding that was docketed in the court during the term of service or prior thereto. Assistant Public Defenders are clearly not judicial research aides and we decline to extend that prohibition to this fact situation.
The disqualification issue thus rests on the argument that Darius' representation of the state results in an appearance of impropriety. All attorneys, public and private, are bound by Canon 9 of the Code of Professional Responsibility to "avoid even the appearance of impropriety." State v. Fitzpatrick, 464 So.2d 1185, 1188 (Fla. 1985) (Ehrlich, J., dissenting). Although the appearance of impropriety may require disqualification, the facts are to be evaluated on a case-by-case basis. Bogle v. State, 655 So.2d 1103, 1106 (Fla. 1995). Appellant has not asserted that Darius has in fact received confidential information, only that it was possible. Darius did not represent Colton at trial below or on any previous matter which could be cause for disqualification. Reaves v. State, 574 So.2d 105 (Fla. 1991). Were this a case involving a trial attorney for both the accused and the state, we might be of a different view. The arguments made at trial and on appeal are distinct and involve differing strategies. On appeal we are bound by the record and arguments made at the trial court level, issues which Darius was not involved with in Colton's case. We view whatever anonymous information Darius might possibly have overheard in the library or in a training session to be of little value in the appellate process. Thus there is no appearance of impropriety and no grounds for disqualification.
MOTION DENIED.
JOANOS, MINER and VAN NORTWICK, JJ., concur.