COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Willis and Annunziata
Argued at Richmond, Virginia


BRUCE RANDALL ALLEN, S/K/A
 BRUCE RANDLE ALLEN
                                      MEMORANDUM OPINION* BY
v.         Record No. 2737-96-2      JUDGE JERE M. H. WILLIS, JR.
                                          FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF NOTTOWAY COUNTY
                       Thomas V. Warren, Judge

              Amy M. Curtis (Theodore N. I. Tondrowski;
              Wayne R. Morgan, Jr.; Grennan & Tondrowski,
              on brief), for appellant.

              Michael T. Judge, Assistant Attorney General
              (Richard Cullen, Attorney General; Monica S.
              McElyea, Assistant Attorney General, on
              brief), for appellee.


     Bruce Randall Allen contends that the trial court erred:

(1) by failing to review statements made to law enforcement

officials by alibi witnesses, (2) in refusing to require the

Commonwealth to disclose said statements, and (3) in denying his

motion to disqualify the Commonwealth's Attorney.  We disagree,

and affirm the judgment of the trial court.

     On the evening of October 18, 1995, Allen and another man

went to the home of Alan and Ida Bowlin.  When Mr. Bowlin stepped

outside to talk with Allen, Allen struck him, causing him to fall

backwards.  Allen then stabbed Mr. Bowlin, dragged him into the

house, and stabbed him several more times.  Allen and the other

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

man then stabbed Mrs. Bowlin to death. Before leaving, they stole several hundred dollars from Mr. Bowlin's wallet.

Allen was charged initially with capital murder, attempted capital murder and robbery. On May 29, 1996, a jury convicted him of first-degree murder, attempted capital murder and robbery.

I.  DISCOVERY OF ALIBI WITNESS STATEMENTS

On March 19, 1996, Allen filed a motion seeking discovery of all exculpatory evidence. At the hearing on the motion, Allen argued that he was entitled to statements made to the police by witnesses who provided alibis for himself, for his codefendant Larry Fowlkes, and for Sharddi Moore, who had been dismissed previously as a codefendant. The Commonwealth represented that it possessed "no evidence . . . that anybody is alibied . . . here for the complete period of time" during which the crimes were believed to have occurred.

The trial court ordered the Commonwealth to divulge the identity of each person who "gave a partial, a full, or even a small bit of alibi regarding . . ." either Fowlkes or Allen. Subsequently, the Commonwealth provided Allen with the names and addresses of persons identified as potential alibi witnesses.

On April 18, 1996, Allen moved to compel discovery. He asserted that the statements of Fowlkes and Moore were exculpatory because they showed that neither man was with Allen on the night of the murder. The Commonwealth's Attorney informed the trial court that he knew of no exculpatory statements from

Fowlkes and Moore. He stated that initially both Fowlkes and Moore had denied involvement in the crimes, but that later Moore had confessed his involvement to another person. He stated that Moore had given two further statements in which he claimed to have been at two different locations during the same period of time. The Commonwealth's Attorney stated that Fowlkes claimed that he had attended church until 9:00 p.m. on the evening in question and that three witnesses supported his alibi. The trial court denied Allen's request for Fowlkes' and Moore's statements.

In addition, Allen argued that the statements given to police by Fowlkes' and Moore's alibi witnesses constituted material and exculpatory evidence because they tended to depreciate the value of testimony from the anticipated Commonwealth's witnesses. He requested disclosure of statements made to the police by his potential alibi witnesses. He set forth the content of their expected statements. Allen admitted that the Commonwealth had provided him the names of his potential alibi witnesses and that they were not unavailable to him. The trial court again denied Allen's motion that the Commonwealth be required to disclose any statements made by potential alibi witnesses.

A.

Allen contends that the trial court erred in failing to review the alibi witness statements in camera. We disagree.

In Virginia, defendants have no general constitutional right

to discovery in criminal matters.  However, Rule 3A:11 provides for limited disclosure by the Commonwealth in felony cases.  In addition, "suppression by the prosecution of evidence favorable to the accused upon request violates due process where the evidence is material either to guilt or to punishment . . . ."  Brady v. Maryland, 373 U.S. 83, 87 (1963).  See Code § 19.2-265.4.

Generally, "[i]f in doubt about the exculpatory nature of the material, a prosecutor should submit it to the trial court for an in camera review to determine if it is exculpatory and should be disclosed."  Lemons v. Commonwealth, 18 Va. App. 617, 621, 446 S.E.2d 158, 161 (1994).  Ultimately, however, "[w]hether evidence is material and exculpatory and, therefore, subject to disclosure under Brady is a decision left to the prosecution."  Bowman v. Commonwealth, 248 Va. 130, 133, 445 S.E.2d 110, 111 (1994) (citing Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987)).

> In Bowman, the Supreme Court noted that:
> The trial court's determination of the question whether it should undertake the review of the disputed material is a discretionary matter.  Whether that discretion was properly exercised will depend on the specific factors of each case, such as the reasons given by the defense in justifying access to the disputed material, the time of the request, or the amount of material involved.

Id. at 135-36, 445 S.E.2d at 113 (citations omitted) (emphasis added).  Noting discrepancies in the trial testimony and the limited burden of reviewing a single document, the Supreme Court

concluded that the trial court abused its discretion by denying Bowman's motion that it review the report <u>in</u> <u>camera</u>.  <u>Id.</u> at 136, 445 S.E.2d at 113.  The Court found further error in the trial court's refusal to place the disputed evidence under seal in the record on appeal.  <u>Id.</u>

Allen did not move the trial court to review the witness statements.[1]  Nor did he move that the documents be placed under seal for the record on appeal.  "[S]peculation that such statements might contain 'potentially exculpatory evidence' imposes neither a duty of disclosure upon the Commonwealth, nor a duty of inspection <u>in</u> <u>camera</u> by the court."  <u>Ramdass v. Commonwealth</u>, 246 Va. 413, 420, 437 S.E.2d 566, 570 (1993) (citations omitted).  We need not rule upon the non-exercise of a judicial power that was not invoked.  While the trial court could have reviewed the statements <u>in</u> <u>camera</u> <u>sua</u> <u>sponte</u>, it was not required to do so.

B.

Allen contends that the trial court erred in denying his motion to require the Commonwealth's disclosure of any alibi witness statements made to the police.  We disagree.

Under <u>Brady v. Maryland</u>, it is only the

---

[1]In his discovery motion, Allen requested "[a]ny and all reports and records which show that the witness has given an inconsistent or contradictory statement with regard to any matter in this case."  At the pretrial hearing on the motion, Allen asked that the trial court review the information <u>in</u> <u>camera</u> to determine whether inconsistent statements existed.  The trial court denied the request, and Allen does not appeal that decision.

suppression of "material" exculpatory
evidence by the government that violates a
defendant's due process rights.  Evidence is
"material" "only if there is a reasonable
probability that, had the evidence been
disclosed to the defense, the result of the
proceeding would have been different."  "A
'reasonable probability' of a different
result is [] shown when the Government's
evidentiary suppression 'undermines
confidence in the outcome of the trial'."

Hoke v. Netherland, 92 F.3d 1350, 1356 (4th Cir.), cert. denied,
117 S. Ct. 630 (1996) (citations omitted).

Allen failed to secure the statements for the record on
appeal, or to request that they be placed under seal for our
review.  Thus, we cannot determine whether the Commonwealth
withheld evidence required to be disclosed under Brady.[2]

"A defendant cannot simply allege the
presence of favorable material and win
reversal of his conviction."  Rather, a
defendant must prove the favorable character
of evidence he claims has been improperly
suppressed.  Speculative allegations are not
adequate.

Hughes v. Commonwealth, 18 Va. App. 510, 526, 446 S.E.2d 451, 461
(1990) (en banc) (citations omitted) (emphasis in original).

"'[T]he Brady rule does not apply if the evidence in

_____

[2] "Even if the statement is favorable to the defendant on the
issue of guilt or punishment, it must also be material before the
defendant is entitled to a new trial."  Humes v. Commonwealth, 12
Va. App. 1140, 1143, 408 S.E.2d 553, 555 (1991).  Because we
cannot state that the extrajudicial statements are exculpatory,
we need not determine whether they are "material," despite their
potential utility in preparing and presenting Allen's case.  See
White v. Commonwealth, 12 Va. App. 99, 102-04, 402 S.E.2d 692,
695, aff'd on reh'g en banc, 13 Va. App. 284, 410 S.E.2d 412
(1991).

- 6 -

question is available to the defendant from other sources.'" United States v. Wilson, 901 F.2d 378, 380 (4th Cir. 1990) (citation omitted).  See Hoke, 92 F.3d at 1355-56.  In Wilson, the defendant sought discovery of statements made by a potential alibi witness to government officials.  He supported his discovery request with an affidavit from the witness that detailed her alleged interactions with government officials.  Wilson, 901 F.2d at 380-81.  The trial court denied his request.  The Court of Appeals found no Brady violation because Wilson was free to question the alibi witness in preparation for trial.  Id. at 381.  The Court noted that:  "In situations such as this, where the exculpatory information is not only available to the defendant but also lies in a source where a reasonable defendant would have looked, a defendant is not entitled to the benefit of the Brady doctrine."  Id.

The Commonwealth provided Allen the identities of his alibi witnesses.  Allen acknowledged that he received the list and that the witnesses were not unavailable to him.  He described in his motion the contents of the alleged statements, and the alibi witnesses' testimony at trial was consistent with those assertions.

## II.  DISQUALIFICATION OF PROSECUTOR

In 1983, before he was elected Commonwealth's Attorney, Mayo Gravatt represented Allen on charges resulting in his conviction for breaking and entering and petit larceny.  Allen moved to

disqualify Mr. Gravatt from prosecuting this case because they had "shared an Attorney/Client privilege and Allen disclosed to his Attorney, Gravatt, confidential information concerning the case and himself."  Allen contends that the trial court abused its discretion in denying this motion.  We disagree.

"The decision whether to disqualify a Commonwealth's attorney in a particular case is committed to the sound discretion of the trial court."  Lux v. Commonwealth, 24 Va. App. 561, 569, 484 S.E.2d 145, 149 (1997).  However:

> A trial court should grant a criminal defendant's motion to disqualify under circumstances where it can be reasonably inferred that the Commonwealth's attorney has either a personal interest in the outcome of the prosecution or an interest arising from his or her former representation of the defendant that conflicts with the fair minded exercise of his or her prosecutorial discretion.

Id. at 570-71, 484 S.E.2d at 149.  See Cantrell v. Commonwealth, 229 Va. 387, 329 S.E.2d 22 (1985).

In Kilgore v. Commonwealth, 15 Va. App. 684, 426 S.E.2d 837 (1993), we held that "where a prosecutor previously has represented a defendant it is reversible error for that attorney to assist in a later prosecution of a former client on a matter for which the attorney-client relationship has been established."  Id. at 694, 426 S.E.2d at 842.  The "sacred relationship" between an attorney and a client:  "'is severely compromised, if not destroyed, when after representing a client, a lawyer joins in the criminal prosecution of that client with respect to the

identical matter about which the attorney originally counseled the client.'" <u>Id.</u> (quoting <u>United States v. Schell</u>, 775 F.2d 559, 565 (4th Cir. 1985) (emphasis in original).

Whether a Commonwealth's attorney should be disqualified from prosecuting a defendant with whom the Commonwealth's attorney had a prior attorney-client relationship in an unrelated criminal matter is an issue of first impression in Virginia. Several jurisdictions have required or upheld disqualification of prosecutors who previously had an attorney-client relationship with the defendant.

In <u>Mattress v. State</u>, 564 S.W.2d 678 (Tenn. Crim. App. 1977), the court upheld the trial court's disqualification of the prosecutor. Because the prosecutor had previously represented the codefendants on unrelated criminal charges, the Tennessee court found that disqualification was proper and "adequate to dispel any appearance of impropriety," even though the prosecutor did not recall the prior representation. <u>Id.</u> at 679.

Similarly, in <u>Reaves v. State</u>, 574 So.2d 105 (Fla. 1991), the Florida Supreme Court explained that disqualification was required of a prosecutor "who previously has defended the defendant in any criminal matter that involved or likely involved confidential communications with the same client." <u>Id.</u> at 107. In <u>Reaves</u>, the prosecutor of a murder charge had represented the defendant previously on grand larceny charges. The larceny charge involved issues involved in the murder case, particularly

mitigating factors to be considered during the penalty phase.
Id. at 106.  See also State v. Stenger, 760 P.2d 357 (1988)
(disqualifying prosecutor in capital case where defendant had
acknowledged uncharged crimes, drug use, and anti-social behavior
to the prosecutor during prior representation by the prosecutor
on unrelated matter).

However, the majority of jurisdictions holds that "[w]here
the prosecutor's earlier representation of the defendant was in
an unrelated matter . . . disqualification is not required,
especially if a number of years have passed since the earlier
representation."[3]  63C Am. Jur. 2d Prosecuting Attorneys § 27
(1984) (footnotes omitted).  See generally Allan L. Schwartz and
Danny R. Veilleux, Annotation, Disqualification of Prosecuting
Attorney in State Criminal Case on Account of Relationship with

_____

[3]See, e.g., Havens v. Indiana, 793 F.2d 143 (7th Cir. 1986);
United States v. Bolton, 905 F.2d 319, 322 (10th Cir. 1990);
Edwards v. State, 286 So.2d 308, 311 (Ala. Crim. App. 1973)
(holding that prosecutor need not recuse self in murder
prosecution when represented defendant on unrelated charge one
year earlier); Osborn v. District Court, Fourteenth Judicial
Dist., 619 P.2d 41 (Colo. 1980) (prosecution for burglary after
representing defendant thirteen years earlier on disorderly
conduct charge not "substantially related"); Park v. State, 170
S.E.2d 687 (Ga.), modified, 408 U.S. 935 (1969); State v.
Laughlin, 652 P.2d 690 (Kan. 1982); Cole v. Commonwealth, 553
S.W.2d 468, 472 (1977) (prosecution's use of conviction from
prior representation matter of public record); State v. Johnson,
310 So.2d 600 (La. 1975); People v. Vanderpool, 629 N.Y.S.2d 307
(N.Y. App. Div. 1995) (inference of impropriety stemming from
prior representation of defendant ten years earlier in unrelated
criminal matter not sufficient to warrant special prosecutor
absent proof of prejudice); Munguia v. State, 603 S.W.2d 876,
878-79 (Tex. Crim. App. 1980) (prosecutor that represented
defendant on rape charge not disqualified from assisting in
subsequent aggravated rape prosecution).

Accused, 42 A.L.R.5th 581, § 4 (1996).

For example, in Green v. State, 430 A.2d 1122 (Md. Ct. Spec. App. 1981), the defendant contended that his conviction for theft should be reversed because the prosecutor had represented him two years earlier on charges resulting in his conviction for petit larceny. Id. at 1124. Rejecting this argument, the Maryland court held:

> The mere fact that as a private attorney the prosecutor had once represented appellant in an unrelated case did not, standing alone, result in a conflict of interest such as to disqualify that attorney from acting as prosecutor in the instant case. On the record before us, there is no claim or indication that at the time the instant charge was brought against appellant there existed any attorney-client relationship between him and the prosecutor . . . . Nor is there any claim or indication that in investigating or prosecuting the present case the prosecutor made use of any confidential information he may have received from the appellant in the prior case.

Id.

We find the majority view persuasive. Attorneys litigate in an adversarial system. They are called upon to take various positions in representing people under differing circumstances. The Commonwealth's attorney must maintain impartiality and must guard against any improper bias in securing a fair trial for the accused. See Kilgore, 15 Va. App. at 693, 426 S.E.2d at 842 (1993). However, the Commonwealth's attorney must be free to perform his or her prosecutorial duties, unless restrained by actual impropriety or prejudice, or by a substantial risk

- 11 -

thereof.  See Lux, 24 Va. App. at 574, 484 S.E.2d at 151 (holding that due process does not entitle defendant to trial free of the appearance of impropriety).

Nothing in the record suggests that Mr. Gravatt's representation of Allen on an unrelated matter thirteen years prior to this case imposed any impediment to his impartial prosecution of this case.  Allen has made no representation or showing that his relationship with Mr. Gravatt continued in any respect, or that Mr. Gravatt possessed any confidential information that would influence the performance of his duties.

The only connection between the two unrelated proceedings lies in the statutory mandate that "the Commonwealth shall present the defendant's prior criminal convictions" during the jury's sentencing proceeding.  See Code § 19.2-295.1.  While the record does not disclose whether the jury received notice of Allen's criminal history, we hold that the presentation of a prior conviction, a ministerial act concerning a matter of public record, did not involve revelation of confidential information. The earlier representation created neither actual prejudice, nor a suggestion of prejudice.

The judgment of the trial court is affirmed.

Affirmed.

Benton, J., concurring.

I concur in Parts IA and II.  I also concur in the portion of Part IB which holds that because the record does not contain the statements at issue we have no basis to determine whether a <u>Brady</u> violation occurred.  Therefore, I concur in the judgment affirming the convictions.