**PUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

F. BARRON STONE,
            *Plaintiff-Appellant,*

v.

DUKE ENERGY CORPORATION; DUKE
ENERGY BUSINESS SERVICES, LLC,
            *Defendants-Appellees.*

No. 04-2562

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, Chief District Judge.
(CA-04-277)

Argued: September 21, 2005

Decided: December 15, 2005

Before WIDENER, NIEMEYER, and MICHAEL, Circuit Judges.

---

Vacated and remanded by published opinion. Judge Niemeyer wrote
the opinion, in which Judge Widener and Judge Michael joined.

---

## COUNSEL

Gerard Alford Bos, WILSON & BOS, Charlotte, North Carolina, for
Appellant. Margaret Hutchins Campbell, OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C., Atlanta, Georgia, for Appel-
lees.

**OPINION**

NIEMEYER, Circuit Judge:

F. Barron Stone commenced this action under the Sarbanes-Oxley Act of 2002, alleging that his employer, Duke Energy Corporation, retaliated against him for filing complaints of potential corporate fraud with the Securities and Exchange Commission and state utilities commissions, in violation of the whistle-blower protection provisions of Section 806 of the Act, 18 U.S.C. § 1514A. For jurisdiction, Stone relied on the fact that he had filed an administrative complaint with the Department of Labor and the Secretary of Labor had not issued a final decision within 180 days. *See* 18 U.S.C. § 1514A(b)(1)(B).

By order dated December 1, 2004, the district court dismissed Stone's complaint for lack of subject matter jurisdiction. The court apparently concluded that Stone was required to appeal from the agency directly to the Court of Appeals because the administrative law judge had issued what the court believed was a "final decision" disposing of Stone's administrative complaint.

Because the district court misconstrued its jurisdiction, we vacate its December 1, 2004 order and remand for further proceedings.

\*          \*          \*

Stone filed an administrative complaint with the Department of Labor on October 30, 2002. After the Secretary of Labor issued findings and a preliminary order stating that "it is reasonable to believe that [Duke Energy] did not violate" the Sarbanes-Oxley Act, Stone filed timely objections with the Office of Administrative Law Judges. *See* 49 U.S.C. § 42121(b)(2) (authorizing the filing of such objections within 30 days of the preliminary order). While Stone's administrative complaint was pending before an administrative law judge ("ALJ"), Stone filed a complaint on the same claims in the district court on May 21, 2003. This was more than 180 days after he filed his administrative complaint with the Department of Labor, and 18 U.S.C. § 1514A(b)(1)(B) permits a person alleging retaliation to bring an action in federal court if the Secretary of Labor has not issued a

"final decision" within 180 days of the filing of the administrative complaint and if the delay is not attributable to "the bad faith" of the claimant. While the action in the district court was pending, the ALJ entered an order in the administrative proceedings on June 19, 2003, stating:

> Accordingly, the United States District Court . . . has assumed jurisdiction and this case is no longer before the Office of Administrative Law Judges.

Eventually, on February 11, 2004, the district court dismissed Stone's complaint without prejudice because the complaint violated pleading requirements of Federal Rules of Civil Procedure 8 and 10.

Stone filed a "Restated Complaint" on June 7, 2004, although he docketed his "Restated Complaint" as a separate action. On Duke Energy's motion, the district court again dismissed his complaint, but this time on the ground that the court did not have subject matter jurisdiction. The district court believed that the ALJ's June 19, 2003 order constituted a final decision of the agency that was appealable only to the Court of Appeals. *See* 49 U.S.C. § 42121(b)(4) (providing for appeals of "final orders" to Courts of Appeals). Stone appealed from this dismissal.

In dismissing Stone's "Restated Complaint," the district court failed to recognize that the ALJ's June 19 order was not an appealable final decision on Stone's administrative complaint. First, the ALJ did not decide the merits of Stone's complaint. Rather, he only acknowledged that he no longer had jurisdiction because the district court assumed jurisdiction when a complaint was filed there. Second, and more important, even if the ALJ's June 19, 2003 order could be taken as a "final decision," it was a nullity because it was entered after jurisdiction had vested in the district court. Section 1514A(b)(1)(B) confers jurisdiction on a district court when a qualifying complainant files his complaint there. No one has suggested that the jurisdictional prerequisites of § 1514A(b)(1)(B) were not met in this case. Accordingly, when Stone filed his first complaint in federal court on May 21, 2003, jurisdiction became lodged in the district court, depriving the ALJ of jurisdiction to enter his order on June 19, 2003. Indeed, the

ALJ recognized this in his June 19 order, for he stated simply that the administrative complaint was no longer before him.

Duke Energy contends that the district court lost jurisdiction when it dismissed Stone's first judicial complaint on February 11, 2004, for defects in pleading and because Stone filed a *new* complaint, rather than amending his existing one. While it is curious that Stone did not file his "Restated Complaint" in the then-pending case, but rather filed it as a new action, this fact is jurisdictionally irrelevant. The district court dismissed the initial complaint without prejudice to Stone, and Stone's second complaint was grounded on the same jurisdictional basis as was his first — i.e., that he had an administrative complaint in which a final decision had not been issued within 180 days. As of June 7, 2004, when Stone filed his "Restated Complaint," the ALJ still had not entered a "final decision."

Accordingly, we vacate the district court's December 1, 2004 order and remand for further proceedings.

*VACATED AND REMANDED*