COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Humphreys and Kelsey
Argued at Richmond, Virginia


CHARLES DEANDRE DEVILLE

                                                              OPINION BY
v.        Record No. 2801-04-2                      JUDGE D. ARTHUR KELSEY
                                                            MARCH 28, 2006
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                          William H. Ledbetter, Jr., Judge

            Clifford Y. Rose (Clifford Y. Rose, P.C., on brief), for appellant.

            Leah A. Darron, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General, on brief), for appellee.


        Charles Deandre Deville appeals his conviction of conspiring to commit grand larceny by

false pretenses.  He was denied a fair trial, Deville argues, because the Commonwealth failed to

disclose exculpatory information required by Brady v. Maryland, 373 U.S. 83 (1963).  The trial

judge who presided over Deville's bench trial found that, even if the disclosure had been made

earlier, no prejudice could be shown because there was no possibility the outcome of the trial

would have been any different.  Finding this determination reasonable, we affirm.

                                            I.

        In a Brady motion filed after the guilt phase of his bench trial, but before his sentencing

hearing, Deville asserted that the Commonwealth's main witness gave inconsistent statements

prior to trial that could have been used for impeachment.[1]  One statement was summarized in the

_____

        [1] At trial, Deville also claimed the Commonwealth failed to produce the videotape of an
interview he had previously given to an FBI agent.  Deville admitted to the trial judge, however,
that the interview "by itself" did not warrant a new trial.  At oral argument on appeal, Deville
repeated this concession and expressly withdrew any Brady challenge on this ground.

witness's plea agreement, the other in a presentence report prepared upon Deville's conviction in another jurisdiction. The trial judge, who had earlier presided over the guilt phase of Deville's bench trial, examined both summaries in detail. "I can't see for the life of me," the judge ruled, "how these statements that [the witness] had earlier made are so inconsistent with her trial testimony as to create a prejudice that would require this Court to overturn the conviction." After denying the Brady motion, the trial judge sentenced Deville and entered the final order.

Settled principles recognize "three components of a true Brady violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." Strickler v. Greene, 527 U.S. 263, 281-82 (1999); see also Vinson v. True, 432 F.3d 310, 318 (4th Cir. 2005), aff'g on habeas review, Vinson v. Commonwealth, 258 Va. 459, 522 S.E.2d 170 (1999). For purposes of this appeal, we assume *arguendo* that Deville satisfies the first two components. He still must establish prejudice, defined as a "reasonable probability that the outcome of the proceeding would have been different had the evidence been disclosed to the defense." Muhammad v. Commonwealth, 269 Va. 451, 511, 611 S.E.2d 537, 571 (2005); see also Vinson, 432 F.3d at 318.

Prejudice cannot be shown where, as here, "the trial judge was the trier of fact and, upon learning of the undisclosed information," rules unequivocally that the impeachment evidence "would have had no impact" on the factfinding underlying the defendant's conviction. Correll v. Commonwealth, 232 Va. 454, 466, 352 S.E.2d 352, 359 (1987). When a trial judge, sitting as "both trier of fact and arbiter of law," finds the Brady evidence inconsequential, there can be "no logical possibility" that its earlier disclosure "would have altered the outcome of the case." Stroik v. State, 671 A.2d 1335, 1340 (Del. 1996). Under such circumstances, we need not hypothesize how a reasonable jury would likely have reacted to the new information. We know

with certitude, from the factfinder himself, that the outcome of the proceeding would not have been different had the evidence been disclosed earlier.

In this respect, a trial judge's denial of a <u>Brady</u> motion to vacate a conviction — if predicated on an unequivocal finding of no prejudice in a bench trial — produces a result conceptually no different from that which would follow the granting of the motion, a reopening of the evidentiary record for the new evidence to be admitted, and a reinstatement of the earlier conviction order.  <u>See</u> <u>generally</u> John L. Costello, <u>Virginia Criminal Law & Procedure</u> § 50.3-2, at 666 (3d ed. 2002) (noting the practical difficulty of showing prejudice when a trial judge following a bench trial finds that the <u>Brady</u> evidence "would not have affected his trial decision in the slightest").

That said, a trial judge cannot foreclose appellate review by an *ipse dixit* denial of prejudice.  Just as the original finding of guilt must fail if no "rational trier of fact" could have made such a finding, <u>Stevens v. Commonwealth</u>, 46 Va. App. 234, 248-49, 616 S.E.2d 754, 761 (2005) (*en banc*); <u>Kelly v. Commonwealth</u>, 41 Va. App. 250, 257, 584 S.E.2d 444, 447 (2003) (*en banc*), so too the factual finding of no prejudice should be set aside if patently unreasonable. Because Deville does not make that assertion here, we need not scrutinize the underlying statements to discern whether a rational factfinder could find them incapable of having an "impact on his finding" of guilt.  <u>See</u> <u>Correll</u>, 232 Va. at 466, 352 S.E.2d at 359.

The Commonwealth also contends Deville failed to exercise due diligence, mistakenly assumed the prosecutor's <u>Brady</u> duty extended beyond the principal investigatory files, and presented evidence which would not be admissible at trial in any event — all defects fatal to Deville's <u>Brady</u> claim, the Commonwealth argues.  Given our desire to decide cases "on the best and narrowest ground available," <u>Logan v. Commonwealth</u>, 47 Va. App. 168, 171 n.3, 622 S.E.2d 771, 773 n.3 (2005) (*en banc*) (citations omitted), we offer no opinion on these matters.

- 3 -

The absence of prejudice, by itself, defeats Deville's <u>Brady</u> claim and renders all other issues analytically superfluous.[2]

II.

Deville's <u>Brady</u> claim fails on appeal for the same reason it failed in the trial court. He cannot show a reasonable probability that the outcome of his trial would have been different had the evidence been disclosed earlier. We thus affirm his conviction.

<u>Affirmed.</u>

---

[2] At oral argument on appeal, Deville asked in the alternative that we remand this matter for the trial court to order the production of the original statements summarized in the plea agreement and presentence report. Deville made no similar request at the <u>Brady</u> hearing in the trial court, however. <u>See</u> Rule 5A:18. Nor did he proffer any impeachment information he believed would be present in the statements, but omitted from the summaries. <u>See</u> <u>Jones v. Commonwealth</u>, 32 Va. App. 30, 46, 526 S.E.2d 281, 288 (2000) ("Because defense counsel did not proffer specifically any evidence that might have impeachment value, he did not show a <u>Brady</u> violation."). We thus reject Deville's request that we remand this case for additional discovery.