COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Frank and Petty
Argued at Richmond, Virginia


RONALD ERIC HEMPHILL, JR.
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 1363-08-4                  JUDGE ROBERT P. FRANK
                                                      JUNE 2, 2009
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                      John R. Cullen, Judge

        J. Paul Walla (Ashton, Walla, & Associates, P.C., on brief), for
        appellant.

        Donald E. Jeffrey, III, Senior Assistant Attorney General (Robert F.
        McDonnell, Attorney General, on brief[1]), for appellee.


        Ronald Eric Hemphill, Jr. (appellant) appeals his conviction, following a bench trial, for

malicious wounding, in violation of Code § 18.2-51.  On appeal, he contends that the trial court

erred, as a matter of law, in denying his motion for a new trial under the rule of Workman v.

Commonwealth, 272 Va. 633, 636 S.E.2d 368 (2006).  For the reasons that follow, we affirm the

trial court.

                                   BACKGROUND

        Under well established principles of appellate review, we view the evidence and all

reasonable inferences deducible from that evidence in the light most favorable to the

Commonwealth, the party prevailing below.  Banks v. Commonwealth, 41 Va. App. 539, 543,

586 S.E.2d 876, 877 (2003).  So viewed, the evidence proved that on June 21, 2007, appellant

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Briefs in this appeal were filed before the resignation of Attorney General McDonnell.

returned to the boarding house in which he rented a room. He had returned from a store where he had purchased a beer. Appellant had a beer in his hand when he came up the steps. Michael Coles, the victim, also lived in this boarding house. The victim was sitting on the front porch of the house with the landlord and another person. Appellant and the victim exchanged words.

Appellant then went into the house, and the victim followed a few seconds later. When the victim went inside, appellant stated that the victim disrespected him and he then stabbed the victim repeatedly. The landlord went inside after hearing a thump. She saw appellant stab the victim with a small knife. The landlord pulled appellant off of the victim and called police.

When Officer Deal arrived, he found the victim covered in blood, and he observed blood at the front door and in the foyer of the house. Police found appellant in his room and arrested him. Appellant told police that the victim had a knife and had tried to stab him. Officer Deal described appellant as confused, with "a strong scent of an alcoholic beverage about his person." His eyes were "glassy and bloodshot." Officer Chilton, who observed appellant at the police station, testified he detected a strong odor of alcohol coming from appellant.

The trial court convicted appellant of malicious wounding, stating that witnesses had testified to "a strong odor of alcohol" coming from appellant and that appellant's drinking had played a role in the incident.

Appellant subsequently filed a motion for a new trial, based on his discovery of a police booking report from the night of the incident showing his blood alcohol content as 0.00. Appellant contended the non-disclosed evidence would have affected the verdict. At a post-trial hearing, appellant, the Commonwealth, and the court addressed the information in question. The trial court found there were other facts demonstrating that appellant had been drinking on the date of the incident, including the observations of police officers on the scene and at the police station that appellant smelled of alcohol. The trial court reviewed the booking report, which

contained handwritten notations that appellant was "upset," had a "bad attitude," and had "been drinking." The trial court denied appellant's motion for a continuance and overruled his motion for a new trial. This appeal followed.

## DEFAULT

The Commonwealth argues that appellant's question presented is defaulted because he did not seek a ruling on his motion for a new trial. It is true that at the hearing, the trial court framed appellant's motion as a request for a continuance, and appellant did not object. However, appellant had filed a written motion for a new trial with the clerk's office and had served the Commonwealth. The issue of the alleged exculpatory evidence was squarely before the trial court. Both the Commonwealth and appellant presented argument as to the materiality of the evidence in question. Further, in overruling appellant's motion, the trial court considered the non-disclosed evidence as well as the effect of the other evidence presented at trial.

The purpose of Rule 5A:18 "is to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals." Andrews v. Commonwealth, 37 Va. App. 479, 493, 559 S.E.2d 401, 408 (2002). In this case, finding the issue was before the trial court, we will therefore address the argument on its merits.

## ANALYSIS

When we review an exculpatory evidence claim, "'[o]n appeal, the burden is on appellant to show that the trial court erred.'" Gagelonia v. Commonwealth, 52 Va. App. 99, 112, 661 S.E.2d 502, 509 (2008) (quoting Galbraith v. Commonwealth, 18 Va. App. 734, 739, 446 S.E.2d 633, 637 (1994)).

The Supreme Court of the United States has established that due process mandates that the prosecution disclose to the accused all favorable evidence that is material to his guilt or

punishment. <u>Brady v. Maryland</u>, 373 U.S. 83, 87 (1963). "A <u>Brady</u> violation occurs when the government fails to disclose evidence materially favorable to the accused." <u>Youngblood v. West Virginia</u>, 547 U.S. 867, 869 (2006) (citing <u>Brady</u>, 373 U.S. at 87). In <u>Workman</u>, 272 Va. 633, 636 S.E.2d 368, the Virginia Supreme Court elaborated, stating:

> There are three components of a violation of the rule of disclosure first enunciated in <u>Brady</u>: a) The evidence not disclosed to the accused must be favorable to the accused, either because it is exculpatory, or because it may be used for impeachment; b) the evidence not disclosed must have been withheld by the Commonwealth either willfully or inadvertently; and c) the accused must have been prejudiced. Stated differently, the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence. A constitutional error occurs, and the conviction must be reversed, only if the evidence is material in the sense that its suppression undermines confidence in the outcome of the trial.

<u>Id.</u> at 644-45, 636 S.E.2d at 374 (internal quotation marks, alterations, and citations omitted).

> Exculpatory "information known to the police is information within the Commonwealth's knowledge and the prosecutor is obliged to disclose regardless of the state of his actual knowledge." <u>Moreno v. Commonwealth</u>, 10 Va. App. 408, 418, 392 S.E.2d 836, 842-43 (1990). However, there is no <u>Brady</u> violation "'if the evidence in question is available to the defendant from . . . sources [other than the Commonwealth].'" <u>United States v. Wilson</u>, 901 F.2d 378, 380 (4th Cir. 1990) (quoting <u>United States v. Davis</u>, 787 F.2d 1501, 1505 (11th Cir. 1986)).

<u>Gagelonia</u>, 52 Va. App. at 113, 661 S.E.2d at 509-10.[2]

---

[2] The Commonwealth asserts that appellant's <u>Brady</u> claim fails because he had actual knowledge that a blood alcohol test had been performed. Appellant must prove that the non-disclosed evidence was favorable to him and that he was prejudiced by the Commonwealth's failure to disclose the evidence. Appellant bears the burden to prove materiality. <u>See</u> <u>Soering v. Deeds</u>, 255 Va. 457, 464, 499 S.E.2d 514, 517 (1998) (stating that appellant "must show that when the case is evaluated in the context of the entire record, including the omitted evidence, a jury would have entertained a reasonable doubt" as to appellant's guilt"). Because we find that the non-disclosed evidence was not material to appellant's case, we do not address whether appellant had knowledge of the evidence.

Assuming without deciding that the booking report was favorable to appellant, it does not automatically follow that appellant is therefore entitled to a new trial. Even if non-disclosed evidence "is favorable to the defendant on the issue of guilt or punishment, it must also be material before the defendant is entitled to a new trial." Humes v. Commonwealth, 12 Va. App. 1140, 1143, 408 S.E.2d 553, 555 (1991). "The *mere possibility* that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." United States v. Agurs, 427 U.S. 97, 109-10 (1976) (emphasis added).

Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). A conviction must be reversed if the accused shows "that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles v. Whitley, 514 U.S. 419, 435 (1995).

In this case, the trial court, as fact finder, was aware of the booking report showing appellant's 0.00 blood alcohol content at the post-trial hearing on appellant's motion. At the hearing, the trial court specifically reviewed the trial testimony and considered the non-disclosed evidence. The trial court stated that two police officers had noted a strong odor of alcohol coming from appellant. In addition, the police booking report indicated that appellant had a bad attitude and had been drinking.

Appellant has failed to establish the requisite prejudice because the trial court, had it been aware of the undisclosed evidence, would not have reached a different conclusion. Nothing in the record provides a basis to conclude that there is a reasonable probability that, had the booking report been disclosed prior to trial, the results of the proceedings would have been any different. See Jeffries v. Commonwealth, 6 Va. App. 21, 26, 365 S.E.2d 773, 776 (1988). At

trial, the trial court convicted appellant based on the Commonwealth's evidence. At the post-trial hearing, the trial court reviewed the entirety of the evidence in light of the non-disclosed booking report and arrived at the same result. As the fact finder, the trial court was entitled to reach this conclusion.

"Prejudice cannot be shown where, as here, 'the trial judge was the trier of fact and, upon learning of the undisclosed information,' rules unequivocally that the impeachment evidence 'would have had no impact' on the factfinding underlying the defendant's conviction." Deville v. Commonwealth, 47 Va. App. 754, 757, 627 S.E.2d 530, 532 (2006) (quoting Correll v. Commonwealth, 232 Va. 454, 466, 352 S.E.2d 352, 359 (1987)). This is because "[w]hen a trial judge, sitting as 'both trier of fact and arbiter of law,' finds the Brady evidence inconsequential, there can be 'no logical possibility' that its earlier disclosure 'would have altered the outcome of the case.'" Id. (quoting Stroik v. State, 671 A.2d 1335, 1340 (Del. 1996)). In a situation like this one, "we need not hypothesize how a reasonable jury would likely have reacted to the new information. We know with certitude, from the factfinder [itself], that the outcome of the proceeding would not have been different had the evidence been disclosed earlier." Id.

Based on the trial court's factual findings, we are not convinced that there is a reasonable probability of a different verdict had the booking report been disclosed to appellant. See Strickler v. Greene, 527 U.S. 263, 296 (1999). Therefore, we find the verdict "worthy of confidence." Kyles, 514 U.S. at 434. The trial court did not err in denying appellant's motion for a new trial.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.