# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Commonwealth of Virginia

v.

Edward Lee Johnson

October 30, 1985

Case No. 11,402

By JUDGE AUSTIN E. OWEN

When the subject criminal action came on for trial on October 17, 1985, the defendant, by counsel, orally moved the Court to quash the indictment on the ground that the defendant had been arrested for the same offense on February 11, 1985; that on the date scheduled for preliminary hearing, April 18, 1985, the Attorney for the Commonwealth moved to nolle prosequi the charge and the motion was granted; that the defendant was thereafter indicted on May 6, 1985, and has never been afforded a preliminary hearing which he now demands.

The Court finds it unnecessary to rule upon the question as to whether the motion should be denied as not timely made, because the Court is of the opinion that the motion should be denied on its merits.

It should first be noted that the requirement for a preliminary hearing under Code Section 19.2-218 is not jurisdictional and constitutionally imposed, but is only statutory and procedural. *Webb v. Commonwealth*, 204 Va. 24 (1963); *Triplett v. Commonwealth*, 212 Va. 649 (1972).

The failure of a Court to provide a preliminary hearing where the defendant is entitled thereto by statute would be reversible error. *Triplett, supra.*

A person arrested on a felony charge as to which he is entitled to a preliminary hearing by statute, is

no longer entitled to such a hearing when he is no longer detained or under any other form of legal restraint. As expressed in *Moore v. Commonwealth,* 218 Va. 388, 394 (1977):

> [Section 19.1-163.1] deals by its very language only with a person who is "arrested," meaning, within this context, a person who is detained in custody by authority of law or one who is under a legal restraint.

At the time of his indictment, the defendant in this action was not detained nor under any legal restraint and did not then have and does not presently have any statutory right to a preliminary hearing.

While the defendant has not suggested that the Commonwealth has employed some manipulative procedure designed to prevent a formerly existing right to a preliminary hearing, the Commonwealth did not wish to leave such a possible inference unanswered. In her memorandum, Mrs. Pritchard has explained the basis of the Motion to Nolle Prosequi the warrant originally obtained, and there has been no suggestion of any other basis.

For the reason above indicated, the Motion to Quash the Indictment is denied.