UPON A REHEARING EN BANC
PETTY, Judge.
Following a bench trial, Stacey Lynn Wright was convicted of assault on a law enforcement officer in violation of Code § 18.2-57(C). On appeal, she raises three issues. First, she argues that the trial court erred in denying her motion to dismiss or remand her direct indictment because the district court improperly entered an order of nolle prosequi Second, she contends that the resulting denial of a preliminary hearing under Code § 19.2-218 led to a violation of her due process rights under Article I, Section 11 of the Constitution of Virginia. Finally, she asserts that the trial court should have allowed her trial counsel to withdraw so he could testify as an impeachment witness.
By opinion dated April 22, 2008, a panel of this Court reversed Wright’s conviction and dismissed the indictment. Wright v. Commonwealth, 51 Va.App. 628, 631-32, 659 S.E.2d 583, 585 (2008).[1] We decided, on our own motion, to rehear this case en banc. Because we find no error in the trial court’s decision, we now affirm Wright’s conviction.
I. Background
On November 19, 2005, Virginia State Trooper B.C. Patton arrested Wright for driving while intoxicated. During her *697 arrest she fought with Trooper Patton, resulting in an additional charge of felony assault on a law enforcement officer. State Trooper J.H. Wolford was also at the scene and assisted in Wright’s arrest.
When this case came before the district court for a preliminary hearing the Commonwealth moved to “nol pros” the felony assault charge. Defense counsel objected to the motion, arguing that it was the assistant Commonwealth’s attorney’s “practice ... to nol pros cases at preliminary hearing and then to direct indict[,] systematically ... depriving folks of their right to a preliminary hearing.”
While the record does not reveal the basis of the Commonwealth’s motion for nolle prosequi defense counsel proffered in his later motion to dismiss that the assistant Commonwealth’s attorney did not offer any reason for his motion.[2] However, the Commonwealth did not challenge defense counsel’s characterization of the proceedings in the district court. The “unilateral avowal of counsel, if unchallenged” is a proper proffer. Whittaker v. Commonwealth, 217 Va. 966, 969, 234 S.E.2d 79, 81 (1977). Therefore, the trial court was entitled to consider the proffer as true.
Shortly after the charge of felony assault on Trooper Patton was terminated by entry of the nolle prosequi in district court, the Commonwealth obtained a direct indictment for the same offense as well as an additional direct indictment for felony assault on Trooper Wolford.[3] Defense counsel moved to have these indictments dismissed, or, in the alternative, to have the case remanded to the district court for a preliminary hearing. In its motion, the defense argued that the prosecutor did not provide the district court judge with any reason for his motion *698 to nolle prosequi the original charge. Therefore, Wright concluded, the grant of the motion was improper because there was no “good cause” as required by Code § 19.2-265.3. The defense further argued that the district court’s grant of the Commonwealth’s motion deprived Wright of her statutory right to a preliminary hearing pursuant to Code §§ 19.2-183 and 19.2-218, and violated her due process rights.
Following a hearing on the motion, the trial court denied Wright’s motion to dismiss and stated:
I think [defense counsel] raises some interesting issues of the tactics of the Commonwealth Attorney, but I don’t think that I am the source of correction if in fact those are the tactics.
I think to do so would be to go behind the nol pros ruling. That’s where the issue is fairly joined, where the Commonwealth moves to nol pros and they’re there at the preliminary hearing and the judge has the opportunity to hear whether there was good cause.
[T]here’s not a procedure for me to review the record and decide whether the General District Court judge or the Juvenile and Domestic Relations] Court District Judge was correct.
And to grant this motion I would have to decide that those nol proses were improperly granted, and for all of those reasons, I’m going to deny the motion....
At trial, Wright’s counsel sought to impeach Trooper Patton’s testimony concerning her behavior during her arrest. Wright’s counsel explained to the trial court that he had interviewed the witness prior to trial and that the trooper’s statements at that time differed from his testimony. Wright’s counsel asked for a mistrial because he was “unfortunately a witness to” the allegedly inconsistent statements. After hearing from the parties, the trial court determined that a mistrial was unnecessary, but directed defense counsel to submit a written proffer for the record. Wright’s attorney subsequently provided a detailed proffer.
*699 The trial court convicted Wright of one count of felony assault of a law enforcement officer, finding that she kicked Trooper Patton, and sentenced her to six months incarceration. This appeal followed.
II. Analysis
A.
We begin our analysis with a brief overview of Virginia’s statutory right to a preliminary hearing. According to Code § 19.2-218, a “person who is arrested on a charge of felony” is entitled to “a preliminary hearing upon the question of whether there is reasonable ground to believe that he committed the offense and no indictment shall be returned in a court of record against any such person prior to such hearing unless such hearing is waived in writing by the accused.” Our Supreme Court has described a preliminary hearing as “a screening process. Its primary purpose is to determine whether there is ‘sufficient cause’ for charging the accused with the crime alleged, that is, whether there is reasonable ground to believe that the crime has been committed and whether the accused is the person who committed it.” Moore v. Commonwealth, 218 Va. 388, 391, 237 S.E.2d 187, 190 (1977) (citing Williams v. Commonwealth, 208 Va. 724, 160 S.E.2d 781 (1968)). Our Supreme Court has held that a denial of an accused’s statutory right to a preliminary hearing does not violate due process rights under either the Constitution of Virginia or the United States Constitution. Webb v. Commonwealth, 204 Va. 24, 31, 129 S.E.2d 22, 28 (1963). However, the denial of an accused’s statutory right to a preliminary hearing can be reversible error.[4] Triplett v. Commonwealth, 212 Va. 649, 650, 186 S.E.2d 16, 17 (1972).
*700 Hence, Code § 19.2-218, by its own terms, only applies to a “person who is actually under arrest on a felony charge prior to indictment____” Moore, 218 Va. at 394, 237 S.E.2d at 192 (emphasis added) (citing Webb, 204 Va. at 31, 129 S.E.2d at 27-28); accord Payne v. Warden, 223 Va. 180, 183, 285 S.E.2d 886, 887 (1982). Thus, only “a person who is detained in custody by authority of law or who is under a legal restraint” is entitled to a preliminary hearing. Moore, 218 Va. at 394, 237 S.E.2d at 192. “A person ... whose freedom of movement and liberty is not subject to any legal restriction[ ] is certainly not a person who ‘is arrested on a charge of felony’ within the meaning of’ Code § 19.2-218. Id. at 394, 237 S.E.2d at 192 (quoting Code § 19.2-218).
Accordingly, our Supreme Court has held that an adult who is directly indicted by a grand jury, rather than one who is arrested for a felony and charged by a warrant, is not entitled to a preliminary hearing pursuant to Code § 19.2-218. Webb, 204 Va. at 31, 129 S.E.2d at 28. There is no need for a preliminary hearing when a charge has been brought by direct indictment because “[t]he primary purpose of a preliminary hearing is to ascertain whether there is reasonable ground to believe that a crime has been committed and the person charged is the one who has committed it[ ]”—a function fulfilled by the grand jury on direct indictment. Id.; Britt v. Commonwealth, 202 Va. 906, 907, 121 S.E.2d 495, 496 (1961).
The same limitation applies when a prosecution that began with a felony arrest warrant is terminated at the preliminary hearing in district court whether by dismissal of the charge, Moore, 218 Va. at 394, 237 S.E.2d at 192, or by *701 nolle prosequi of the charge, Armel v. Commonwealth, 28 Va.App. 407, 505 S.E.2d 378 (1998). When the charges against an accused are dismissed or nolle prosequied the accused is no longer a person “whose freedom of movement and liberty” are “subject to any legal restriction” because those charges no longer exist. See Moore, 218 Va. at 394, 237 S.E.2d at 192; see also Armel, 28 Va.App. at 409, 505 S.E.2d at 380 (holding that appellant was not entitled to a preliminary hearing under Code § 19.2-218 because, following the entry of the nolle prosequi at the preliminary hearing, the original charges were “terminated” and “the situation was the same as if ‘the Commonwealth had chosen to make no charge’ ” until the return of the direct indictment (quoting Watkins v. Commonwealth, 27 Va.App. 473, 475, 499 S.E.2d 589, 590 (1998) (en banc))).
Thus, when the original prosecution in this case was terminated by nolle prosequi in the district court and the Commonwealth obtained a direct indictment against Wright, the indictment was a “ ‘new charge[ ], distinct from the original charge[]....’” Watkins, 27 Va.App. at 475, 499 S.E.2d at 590 (quoting Arnold v. Commonwealth, 18 Va.App. 218, 221, 443 S.E.2d 183, 185, aff'd en banc, 19 Va.App. 143, 450 S.E.2d 161 (1994)). Accordingly, the case before us involves two separate prosecutions arising from the same criminal conduct.
B.
With this legal framework in mind, we turn to Wright’s arguments on appeal.[5] Wright’s first two questions presented *702 are so intertwined that we consider them together. Wright argues (1) that the trial court erred in denying her motion to dismiss the direct indictments or remand to the district court for a preliminary hearing and (2) that the trial court’s failure to insure that she received a preliminary hearing violated her due process rights under the Virginia Constitution. As explained below, we disagree.
Wright conceded both at oral argument and on brief that a valid order of nolle prosequi terminates a prosecution and consequently cuts off a defendant’s statutory right to a preliminary hearing when that defendant is later charged by a direct indictment. Appellant’s Br. at 23. However, she argued before the trial court that the nolle prosequi that terminated the original prosecution against her was invalid because the Commonwealth did not show any cause at all, let alone good cause as required by Code § 19.2-265.3.[6] Thus, she reasoned that she remained a “person ... under legal restraint” for the purposes of Code § 19.2-218 because the original prosecution was never terminated. Moore, 218 Va. at 394, 237 S.E.2d at 192. The trial court declined to dismiss the indictments or remand for preliminary hearing, noting that it did not “sit as an appellate [court] for nolle proses.” On appeal, Wright argues that the trial court erred in making this ruling and that its error deprived her of her right to a preliminary hearing.
First, as a threshold matter, we disagree with Wright’s argument that the deprivation of her preliminary hearing violated her due process rights under the Constitution *703 of Virginia. As we discussed in Part A, supra, our Supreme Court has held that “the requirement for a preliminary hearing under Code § [19.2-218] is not jurisdictional and constitutionally imposed but is only statutory and procedural.” Triplett, 212 Va. at 650, 186 S.E.2d at 17 (citing Webb, 204 Va. at 32, 129 S.E.2d at 28). Thus, while a trial court’s refusal to grant an accused her preliminary hearing when required by Code § 19.2-218 may be reversible error, id. at 651, 186 S.E.2d at 17, it “does not violate the due process ... clause[ ] of ... the Constitution of Virginia.” Webb, 204 Va. at 32, 129 S.E.2d at 28. Moreover, the purpose of the preliminary hearing, to ensure that an accused is not held in the absence of “reasonable ground to believe that he committed the offense,” Code § 19.2-218, becomes moot when the accused has been discharged from further prosecution. Hence, we conclude that, even had Wright been entitled to a preliminary hearing, any deprivation of that right would not give rise to a due process claim.
Second, Wright was not entitled to a preliminary hearing on these facts. Wright concedes in her brief that “[t]he only way to terminate her statutory right to a preliminary hearing was through a properly entered order of nolle prosequi in accordance with Code § 19.2-265.3.” Appellant’s Br. at 23. She argues, however, that the district court’s order was invalid and that the original prosecution was never terminated. Wright accordingly reasons that she remained entitled to a preliminary hearing throughout the proceedings below.
To be entitled to a preliminary hearing, Wright had to establish that she was a person actually under arrest on a felony charge prior to indictment, despite the entry of the nolle prosequi order in the district court. Moore, 218 Va. at 394, 237 S.E.2d at 192. To do so, she needed to show one of two things: (1) that the district court’s order of nolle prosequi was void ab initio and that she therefore remained charged at the time of her indictment; or (2) that the order of nolle prosequi was voidable and the circuit court had the authority to review the order, reverse it for error, and reinstitute the original warrant.
*704 An order “is void if it has been procured by extrinsic or collateral fraud, or has been entered by a court that did not have jurisdiction over the subject matter or the parties.” Evans v. Smyth-Wythe Airport Comm’n, 255 Va. 69, 73, 495 S.E.2d 825, 828 (1998) (internal citations omitted). Such an order may be “ ‘impeached directly or collaterally by all persons, anywhere, at any time, or in any manner.’ ” Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001) (quoting Barnes v. Am. Fertilizer Co., 144 Va. 692, 705, 130 S.E. 902, 906 (1925)). Wright does not argue that the district court did not have jurisdiction over her or her case when it entered the order of nolle prosequi, and, clearly, she was properly before that court when it did so. See Code § 16.1-127 (district courts have jurisdiction to conduct preliminary hearings on felony charges). Further, she does not allege fraud; instead, she only argues that the district court made an error of law in granting a nolle prosequi without finding “good cause” pursuant to Code § 19.2-265.3. This is insufficient to establish that the order was void.
As opposed to a void order, “an order is voidable if its issuance was reversible error but was within the [district] court’s jurisdiction to enter.” Hicks v. Mellis, 275 Va. 213, 219, 657 S.E.2d 142, 145 (2008). Because the district court had jurisdiction to enter the nolle prosequi order, it is, at best, voidable. See Singh, 261 Va. at 52, 541 S.E.2d at 551. “[A] judgment [that] is merely voidable ... may be set aside only (1) by motion to the trial court filed [while the trial court retains jurisdiction], [or] (2) on direct appeal.... ” Parrish v. Jessee, 250 Va. 514, 521, 464 S.E.2d 141, 145 (1995) (internal citations omitted). Thus, a voidable order is binding unless it is vacated by the court that issued it or is overturned by an appellate court.
The core of Wright’s argument is that the circuit court had subject matter jurisdiction to review the district court’s decision to grant a motion for nolle prosequi—specifi *705 cally, to review that discretionary decision[7] for compliance with Code § 19.2-265.3, and, if the order was entered improperly, to reverse it and reinstate the original charge. In other words, Wright asked the trial court to void the district court’s arguably voidable order that terminated the original prosecution. We hold that the circuit court is without subject matter jurisdiction to conduct an appellate review of the district court’s order granting a motion for nolle prosequi and therefore cannot reverse that court’s order.[8]
“The right to appellate review is a statutory right ...” and is therefore subject to the limitations placed upon it *706 by the General Assembly. Payne v. Commonwealth, 233 Va. 460, 473, 357 S.E.2d 500, 508 (1987); see also Va. Const, art. IV, § 1 (“[T]he General Assembly shall have the power to determine the original and appellate jurisdiction of the courts of the Commonwealth.”). Code § 17.1-513 states, in pertinent part, that circuit courts “have appellate jurisdiction in all cases, civil and criminal, in which an appeal may, as provided by law, be taken from the judgment or proceedings of any inferior tribunal.” (Emphasis added). Thus, “[a]s Code § 17.1-513 recites, the circuit court would have appellate jurisdiction in this case if the appeal [from a district court’s entry of a nolle prosequi order] is an appeal ‘as provided by law.’ ” Neighbors v. Commonwealth, 274 Va. 503, 510, 650 S.E.2d 514, 518 (2007).
A circuit court’s jurisdiction to sit as an appellate court is very limited. For instance, the circuit court has true appellate jurisdiction to review state administrative agency determinations, see Code §§ 2.2-4026 and 17.1-513, and, arguably, a conviction of summary contempt in a district court. See Gilman v. Commonwealth, 275 Va. 222, 657 S.E.2d 474 (2008). However, in criminal cases, the General Assembly has not provided any authorization that would permit a circuit court to review a district court’s discretionary decision ending a prosecution.[9] Without such an express grant, the circuit court did not have jurisdiction to determine whether the *707 district court’s decision constituted an abuse of discretion. See, e.g., Nicely v. Commonwealth, 23 Va.App. 327, 333-34, 477 S.E.2d 11, 13 (1996) (holding that “the circuit courts have no appellate jurisdiction over a general district court’s review of an administrative license suspension” in the absence of any statutory authority vesting them with such jurisdiction). Therefore, we conclude that Wright was not entitled to have the circuit court review the district court’s discretionary decision and grant her requested remedy of either having the case remanded to the district court for preliminary hearing or having the subsequent indictments dismissed. The trial court did not err in refusing to do so.[10]
C.
Wright also argues that the trial court erred when it refused to grant her motion for a mistrial or allow her defense counsel to withdraw and testify as to discrepancies between a witness’ unsworn prior statements and his trial testimony. We review a trial court’s denial of a mistrial motion for abuse of discretion. Lewis v. Commonwealth, 269 Va. 209, 213, 608 S.E.2d 907, 909 (2005). “Upon familiar principles, we will not reverse the denial of a motion for a mistrial unless a manifest probability exists that the trial court’s ruling was prejudicial.” Perez v. Commonwealth, 40 Va.App. 648, 654, 580 S.E.2d 507, 510 (2003). There is no *708 indication that the trial court’s denial of Wright’s motion unduly prejudiced her. Accordingly, we affirm the trial court.
Wright’s motion for a mistrial was premised on her allegation that her arresting officer’s testimony was inconsistent with statements he had made to Wright’s counsel prior to trial. On direct examination at trial, the trooper testified that Wright “cussed,” screamed, kicked him several times, and behaved in a generally violent manner when he tried to arrest her.
When the trooper began to testify, Wright’s defense counsel moved for a mistrial. Counsel explained that he had interviewed the trooper prior to trial and that the trooper’s statements then differed from his testimony at trial. The trial court asked counsel whether the trooper stated in the interview “that [Wright] had kicked him in the leg.” Counsel replied, “he said that she kicked backwards ... toward the groin area, struck him, not hard, but struck him in the leg and ... he said that was the act of assault on a law enforcement officer.... [T]here was no [mention of] punching, shoving, [or] multiple kicks____”
The trial court denied Wright’s motion for a mistrial, stating that “both in the witness room and at trial [the trooper’s] testimony has been consistent that there was a kick backwards into his leg and that that’s precisely what [the Commonwealth] is saying is the basis ... of her assault on a police officer.” The trial court also directed Wright’s counsel to prepare a proffer of his anticipated testimony for the record. Counsel later filed a written proffer.
Following trial, Wright moved to set aside the verdict on the same grounds as her motion for mistrial; counsel appended his written proffer to the memorandum in support of Wright’s motion. At the outset of the hearing on the motion, the trial court assured Wright that it had “read everything you filed” including counsel’s proffered impeachment testimony.
After hearing from both parties, the trial court denied the motion. The trial court explained that the proffered evidence about the inconsistencies between Trooper Patton’s pretrial *709 statements and trial testimony did “not change [the court’s] mind as to” Wright’s guilt. The trial court explained that it made two findings in determining to deny the motion:
One is that I believe that even accepting [defense counsel’s] representations as to what [the trooper] said in the informal interview, that establishes that there was one kick, one rear kick. And I find that would have been sufficient to support a conclusion of the Defendant’s guilt on assault on a police officer.
[Defense counsel] is not asserting that [the trooper] denied any contact or any kick. I understand there’s other arguments about the credibility factor and how that would affect even one kick, but I did want to make that finding.
And secondly, I don’t agree with Mr. Greenspun that it’s irrelevant that having read the proffer and carefully considered the proffer and the evidence that was introduced at trial that I would reach the same conclusion that the Defendant was guilty beyond a reasonable doubt of the assault on [the trooper].
This is, to me, fundamentally different than a jury trial where we don’t know what the trier of fact—what conclusion they would have reached. I’m representing what conclusion that I would have reached in that situation.
In this case, the trial court—which was the trier of fact below—made it abundantly clear that the proffered impeachment evidence would not have changed the result of the trial. See Lane v. Commonwealth, 184 Va. 603, 611, 35 S.E.2d 749, 752 (1945) (the trial court sits as the finder of fact in bench trials). In an analogous situation, we have held that “[prejudice cannot be shown where, as here, the trial judge was the trier of fact and, upon learning of the undisclosed information, rules unequivocally that the impeachment evidence would have had no impact on the factfinding underlying the defendant’s conviction.” Deville v. Commonwealth, 47 Va.App. 754, 757, 627 S.E.2d 530, 532 (2006) (internal quotation marks and citation omitted) (discussing an alleged Brady violation).
*710 The trial court in this case, “sitting as ‘both trier of fact and arbiter of law,’ ” found that the proffered impeachment evidence was “inconsequential....” Id. (quoting Stroik v. State, 671 A.2d 1335, 1340 (Del.1996)). Thus, “there can be ‘no logical possibility’ that its” admission into evidence at trial “ ‘would have altered the outcome of the case.’ ” Id. (quoting Stroik, 671 A.2d at 1340). In this situation, then, “we need not hypothesize how a reasonable jury would likely have reacted to the new information. We know with certitude, from the factfinder himself, that the outcome of the proceeding would not have been different had the” impeachment evidence been allowed. Id.
Moreover, the trial judge explained his reasoning for his conclusion that the proffered evidence would not have changed his decision: both versions of the story indicated that Wright had kicked the trooper at least once. Evidence of that one kick is sufficient to support a conviction for one count of assault on a police officer. See Code § 18.2-57. Accordingly, the trial court’s finding was reasonable.
Based on the foregoing discussion, we hold that the trial court did not abuse its discretion when it denied Wright’s motion for a mistrial.
III. Conclusion
For the foregoing reasons, we affirm the decision of the trial court.

Affirmed.

. The panel opinion did not reach issue three regarding trial counsel’s withdrawal because of its holding on the first two issues.

. A partial transcript of the preliminary hearing was introduced as part of the motions hearing in the circuit court. It does not contain the actual motion made by the prosecutor, but it does show that the assistant Commonwealth’s attorney replied "No, sir” when the trial court asked whether he had a response to Wright’s objection to the motion for nolle prosequi.

. The trial court acquitted Wright of this charge.

. While we cite Triplett v. Commonwealth, 212 Va. 649, 186 S.E.2d 16 (1972), for the broad legal proposition that the deprivation of a preliminary hearing is, if anything, a statutory—not a constitutional—error, the Triplett case is significantly different from that before us. Triplett involved a single prosecution, initiated by an arrest that culminated in a conviction in the circuit court. Id. at 649-50, 186 S.E.2d at 17. This case involves two separate prosecutions arising from the same criminal *700 act—one that was initiated by a felony arrest and then terminated by order of nolle prosequi in the general district court, and one that was initiated by direct indictment and culminated in a conviction in the circuit court and this appeal. Moreover, the defendant in Triplett received neither a preliminary hearing nor a grand jury indictment whereas Wright's first prosecution ended at the preliminary hearing stage and she was subsequently indicted by a grand jury. Thus, the rationale for the holding in Triplett does not control the outcome in this case.

. Relying on Battle v. Commonwealth, 12 Va.App. 624, 630, 406 S.E.2d 195, 198 (1991), Wright also weaves a theme of prosecutorial vindictiveness throughout her argument on appeal. She alleges that the additional indictment for felony assault on Trooper Wolford was motivated by her refusal to plea guilty to a DUI charge. We decline to address this argument for several reasons. First, Wright did not make this argument before the trial court. See Rule 5A:18. Second, the issues Wright raised on appeal focus on her asserted right to a preliminary hearing and do not encompass the concept of prosecutorial vindictiveness. See Rule 5A:12(c). Finally, the trial court acquitted Wright on the additional indictment, making moot any argument that the Com *702 monwealth brought that indictment in retaliation for Wright's refusal to plead guilty. See State v. Brock, 113 S.W.3d 227, 233 (Mo.Ct.App.2003) (noting that appellant’s claim for prosecutorial vindictiveness was moot when the allegedly vindictive charge was dismissed).

. Code § 19.2-265.3 states: "Nolle prosequi shall be entered only in the discretion of the court, upon motion of the Commonwealth with good cause therefor shown.” We did not reach the good cause issue in Armel. There, we noted without further comment that the appellant did not challenge the trial court's finding that the general district court's nolle prosequi order was entered in compliance with Code § 19.2-265.3. Armel, 28 Va.App. at 409 n. 1, 505 S.E.2d at 379 n. 1.

. See Harris v. Commonwealth, 258 Va. 576, 583, 520 S.E.2d 825, 829 (1999) ("The express language of [Code § 19.2-265.3] commits a finding of good cause to the discretion of the trial court.”).

. The dissent contends that deciding this case on jurisdictional grounds runs contrary to our Supreme Court’s decisions in Williams, 208 Va. 724, 160 S.E.2d 781; Foster v. Commonwealth, 209 Va. 297, 163 S.E.2d 565 (1968); and Moore, 218 Va. at 388, 237 S.E.2d at 187. According to the dissent, if subject matter jurisdiction were a proper basis for our decision in this case, our Supreme Court would have decided those cases on subject matter jurisdiction, rather than reaching the merits of the cases. See infra at 716-726. We disagree.
In both Williams and Foster, the Supreme Court affirmed the respective trial courts' refusals to grant motions to quash indictments based on asserted errors at the preliminaiy hearing stage. See Williams, 208 Va. at 725-26, 728-29, 160 S.E.2d at 782, 784-85; Foster, 209 Va. at 298-301, 163 S.E.2d at 566-68. Those cases are different from the case before us because each involved only one continuous prosecution. The defendants in Williams and Foster challenged errors made at the preliminary hearing stage of a single continuous prosecution. As we noted supra, this case involves two separate criminal prosecutions. By bringing a motion to dismiss pursuant to Rule 3A:9(b), Wright was asking the circuit court to reach back into a concluded legal proceeding and review the district court’s discretionary decision in that previous case.
The dissent's reliance on Moore, 218 Va. at 388, 237 S.E.2d at 187, is also misplaced. Moore involved two issues: first, whether the Double Jeopardy Clause precluded further prosecution after dismissal at a preliminary hearing; and second, whether the statute required a preliminary hearing once the defendant was indicted for the same offense. Id. at 390, 393, 237 S.E.2d at 189, 191. Neither of these issues required the circuit court to consider the basis for the dismissal in the district court. Hence, the circuit court’s jurisdiction to do so was never at issue.

. In the criminal law context, the circuit court has jurisdiction to conduct de novo reviews of misdemeanor convictions in the district court. See Code § 16.1-132 (right of appeal from misdemeanor conviction in the district court). Rather than a review of the lower court’s decision, these de novo appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court. These proceedings are actually re-trials. See, e.g., Peterson v. Commonwealth, 5 Va.App. 389, 398, 363 S.E.2d 440, 445 (1987) (“An appeal taken in accordance with Code § 16.1-132 is, in effect, a statutory grant of a new trial to the accused. ‘It annuls the judgment of the inferior tribunal as completely as if there had been no previous trial.’ ” (quoting Gaskill v. Commonwealth, 206 Va. 486, 490, 144 S.E.2d 293, 296 (1965))). Wright did not seek a de novo hearing on the Commonwealth’s motion to nolle prosequi, and this statute would not have authorized such a re-hearing if she had.

. Moreover, we do not have jurisdiction to review whether the nolle prosequi was properly granted in this case. We are a court of limited jurisdiction. West v. Commonwealth, 18 Va.App. 456, 457, 445 S.E.2d 159, 159 (1994), appeal dismissed, 249 Va. 241, 455 S.E.2d 1 (1995). Pursuant to Code § 17.1-406(A), we may hear appeals arising from final orders of conviction entered in the circuit courts—not orders of the district courts. The real issue Wright asks us to reach—whether the district court erred in entering the nolle prosequi on her original charges—is not included within the order of conviction from which she appeals. Those charges, and the issues relating to them, ceased to exist when the district court entered its order. See Watkins, 27 Va.App. at 474, 499 S.E.2d at 590 ("When the trial court enters a nolle prosequi of an indictment, it lays 'to rest that indictment and the underlying warrant without disposition, as though they had never existed.’ " (quoting Burfoot v. Commonwealth, 23 Va.App. 38, 44, 473 S.E.2d 724, 727 (1996))).