## CIRCUIT COURT OF HENRICO COUNTY

Samuel L. Graves

v.

John Earl Jones, Jr.

October 1, 2013

Case No. CL12-3457

BY JUDGE CATHERINE C. HAMMOND

This matter is before the Court on Defendant's plea in bar. This Court heard the evidence on August 23, 2013. Only the evidence introduced at the hearing can be considered. The issue is whether the time expired under the statute of limitations for personal injury claims, Va. Code § 8.01-243(A).

Taking the Complaint as true, on December 21, 2009, Mr. Graves was injured when Mr. Jones struck Mr. Graves with a shovel. On December 27, 2012, Mr. Graves filed his Complaint in this case. Thus, the two-year limitations period expired, unless a savings provision applies. The issue is how to interpret the savings provision of Va. Code § 8.01-229(K).

On the day of the injury, Mr. Jones was arrested on a felony warrant charging malicious wounding with intent to maim (DX1). On March 15, 2010, the General District Court entered an Order granting the Commonwealth's motion for a *nolle prosequi*. Twenty-nine days later, on April 13, 2010, the Grand Jury returned an indictment for malicious wounding with intent to maim (DX2). Eventually Mr. Jones was convicted on a guilty plea. He was sentenced on December 21, 2010. He did not appeal.

Virginia Code § 8.01-229(K) provides a tolling provision for the period of the criminal prosecution. The statute provides that "if a criminal prosecution arising out of the same facts is commenced, the time such prosecution is pending shall not be computed as part of the period within which such a civil action may be brought." The statute defines the beginning and the ending of the tolling period.

The parties agree that a criminal prosecution "commenced" the day the felony warrant was issued by the Goochland County Sheriff's Office, and

the limitations period did not run from December 21, 2009, to March 15, 2010.

> [T]he time during which a prosecution is pending shall be calculated from the date of the issuance of a warrant, summons, or capias, the return or filing of an indictment or information, or the defendant's first appearance in any court as an accused in such a prosecution, whichever date occurs first. . . .

The parties disagree on the date the tolling period ended. The tolling period ends upon any of the following dates:

> the date of the final judgment or order in the trial court, the date of the final disposition of any direct appeal in state court, or the date on which the time for noting an appeal has expired, whichever dates occurs last.

At the end of the tolling period, "the civil action may be brought within the remaining period of the statute or within one year, whichever is longer."

Mr. Graves asserts that § 8.01-229(K) tolled the statute of limitations from December 21, 2009, until January 20, 2011 (the sentencing date plus thirty days for noting an appeal). Thus, according to Mr. Graves, he had two years from January 20, 2011, to file a civil action. Under this analysis, Mr. Graves' period for filing would have expired on January 20, 2013, and his civil action is not time-barred.

Mr. Jones asserts that § 8.01-229(K) tolled the statute of limitations from December 21, 2009, until March 15, 2010, and also from April 13, 2010, until January 20, 2011. Defendant argued that, because Mr. Jones waived his right to appeal the criminal conviction, the tolling period ended on December 21, 2010, when he was sentenced, and thirty days is not added. This argument is rejected. Section 8.01-229(K) makes no mention whether an appeal was in fact noted. However, he contends that the limitations period was running for the time between the Order of *nolle prosequi* and the indictment. "Plaintiff fails to account for the fact that no criminal prosecution was pending against Mr. Jones between March 15, 2010 (the date the Goochland General District Court granted the Commonwealth Motion to *Nolle Prosequi*) . . . and April 13, 2010 (the date the Grand Jury returned a true bill against Mr. Jones in Goochland Circuit Court)." Thus, according to Mr. Jones, plaintiff had two years from January 20, 2011, minus twenty-nine days, to file a civil action. Under this analysis, Mr. Graves' deadline for filing expired on December 22, 2012, and his action is time-barred by five days.

The statute is clear. The savings provision applies for the period "a criminal prosecution . . . is pending." With respect to the effect of the *nolle prosequi*, it is also clear that it is an Order ending the prosecution. The

Supreme Court has explained at length that a *nolle prosequi* "discharges the accused from liability" and "a new indictment is a new charge" which changes the computation of time under the speedy trial act. *Harris v. Commonwealth*, 258 Va. 576, 585 (1999). A *nolle prosequi* terminates the original charges and leaves the situation "the same as if 'the Commonwealth had chosen to make no charge'." *Wright v. Commonwealth*, 52 Va. App. 690, 700-01 (2008) (citations omitted). Stated differently, once the Order of *nolle prosequi* has been entered, "the slate is wiped clean. . . ." *Burfoot v. Commonwealth*, 23 Va. App. 38, 44 (1996). As a matter of criminal procedure, Virginia law does not recognize the ongoing existence of a pending prosecution after the order of *nolle prosequi*. As a matter of civil procedure, Plaintiff's argument, that the prosecution was pending after the *nolle prosequi*, would mean that the tolling period could essentially last forever, until a Commonwealth's Attorney at some future date decided to seek an indictment and a Grand Jury voted to return one.

No prosecution was pending during the twenty-nine days; Mr. Graves' Complaint was filed after the statute of limitations expired. The plea in bar is sustained.