COURT OF APPEALS OF VIRGINIA

Present:   Judges Russell, Ortiz and Raphael

NOLAN MARCUS FORNESS, II

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0464-21-2               JUDGE WESLEY G. RUSSELL, JR.
                                                    MAY 17, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF ORANGE COUNTY
David B. Franzen, Judge

(Alan J. Cilman, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Timothy J. Huffstutter,
Assistant Attorney General, on brief), for appellee.


Nolan Marcus Forness, II, argues that the circuit court erred in failing to dismiss a charge he

had faced in the general district court or, alternatively, in failing to reverse the decision of the

general district court granting the Commonwealth's motion to *nolle prosequi* that charge. After

examining the briefs and record in this case, the panel unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit[.]"  Code § 17.1-403(ii)(a); Rule

5A:27(a).  For the reasons stated below, we find we lack jurisdiction to consider Forness'

arguments and dismiss his appeal.

BACKGROUND

On January 8, 2021, police in Orange County arrested Forness for driving while

intoxicated, third or subsequent offense within ten years, refusal to take a breath test, felony

eluding, driving without a license, and speeding.  On February 5, 2021, the Orange County

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

General District Court entered an order granting the Commonwealth's motion seeking to *nolle prosequi* the charges.

Forness sought to appeal the district court's order to the Orange County Circuit Court. The circuit court held a hearing on the matter on April 22, 2021. After referencing our decision in *Wright v. Commonwealth*, 52 Va. App. 690 (2008) (*en banc*), the circuit court concluded that it lacked jurisdiction to consider Forness' challenge to the district court's order granting the Commonwealth's motion to *nolle prosequi* the driving while intoxicated, third or subsequent offense within ten years charge. Consequently, the circuit court dismissed Forness' appeal.

Forness now seeks to appeal that decision to this Court, arguing that the circuit court should have exercised jurisdiction and either dismissed the underlying charge or, alternatively, "revers[ed] the order of *nolle prosequi* and . . . remand[ed] the matter to the general district court."

ANALYSIS

Before addressing the merits of an appeal, we first must determine whether we have jurisdiction. *Minor v. Commonwealth*, 66 Va. App. 728, 737 (2016). Determining whether an appellate court has jurisdiction to hear a matter presents a "question . . . for . . . determination [by] the appellate court only[,]" and thus, does not involve review of a trial court's judgment. *Comcast of Chesterfield Cnty., Inc. v. Bd. of Supervisors of Chesterfield Cnty.*, 277 Va. 293, 299 (2009) (quoting *Madison v. Kroger Grocery & Bakery Co.*, 160 Va. 303, 306 (1933)). Consequently, there is no appellate standard of review to apply to such questions.

"The concept of jurisdiction defines power. With regard to the Court of Appeals of Virginia . . . , the powers . . . are . . . prescribed by statute." *Kelley v. Stamos*, 285 Va. 68, 75 (2013). In general, when an appellate issue arises out of the prosecution of a traffic or criminal offense, our jurisdiction is governed by Code § 17.1-406(A). The version of Code § 17.1-406(A)

governing this appeal provides, in pertinent part, that "[a]ny aggrieved party may present a petition for appeal to the Court of Appeals from . . . any *final conviction in a circuit court* of a traffic infraction or a crime[.]"[1] (Emphasis added).

The circuit court's dismissal of Forness' attempted appeal of the district court's grant of the Commonwealth's motion to *nolle prosequi* the charge is not a "conviction[,]" final or otherwise. As regards this appeal, Forness has not been convicted of anything in any court. With no "final conviction [by] a circuit court" for us to review, we lack jurisdiction to address the issue Forness seeks to raise on appeal. Code § 17.1-406(A).

That we addressed whether a circuit court has jurisdiction to review a district court's grant of a motion to *nolle prosequi* charges in *Wright* does not compel a different conclusion. In *Wright*, the defendant challenged the circuit court's refusal to reverse the district court's granting of a motion to *nolle prosequi* charges as part of her appeal of her *conviction* in circuit court for "assault on a law enforcement officer in violation of Code § 18.2-57(C)." 52 Va. App. at 696. As a result, the matter came to us as part of a review of a "final conviction in a circuit court of a traffic infraction or a crime[,]" Code § 17.1-406(A), and thus, the prerequisite for the exercise of our jurisdiction was satisfied.[2] Because there is no such final conviction in this case, we lack jurisdiction to consider Forness' argument here.

---

[1] Code § 17.1-406(A) was amended effective January 1, 2022. Among other things, the amended statute eliminates the petition process, granting defendants an appeal as of right in criminal cases. The amended statute still limits our jurisdiction to hear a defendant's appeal in criminal and traffic cases to matters involving "final conviction[s] in a circuit court[.]"

[2] We note that in exercising our jurisdiction in *Wright*, we concluded both that a "circuit court is without subject matter jurisdiction to conduct an appellate review of [a] district court's order granting a motion for *nolle prosequi*[,]" 52 Va. App. at 705, and that "we do not have jurisdiction to review whether [a] *nolle prosequi* was properly granted" by a district court. *Id.* at 707 n.10.

CONCLUSION

For the reasons stated above, we lack jurisdiction to consider the argument Forness attempts to make in this case.  Accordingly, we dismiss the appeal.

*Dismissed.*