COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Raphael and Lorish

DESTINI MURPHY

MEMORANDUM OPINION[*] BY
v.      Record No. 0201-22-4                         JUDGE GLEN A. HUFF
SEPTEMBER 13, 2022

AN DANG

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Penney S. Azcarate, Judge

(Destini Murphy, on brief), *pro se*. Appellant submitting on brief.

(Heather R. Steele; Lauren R. Gillespie; Pesner Altmiller Melnick
DeMers & Steele PLC, on brief), for appellee. Appellee submitting
on brief.

In the Fairfax County Circuit Court (the "circuit court"), An Dang ("appellee") brought

an unlawful detainer action against Destini Murphy ("appellant"), the lessee of his property in

Fairfax, Virginia. The circuit court granted possession in favor of appellee, and appellant now

appeals the circuit court's judgment. This Court affirms.

I. BACKGROUND

This Court recounts the facts in the light most favorable to appellee, the prevailing party

at trial. *See Brandau v. Brandau*, 52 Va. App. 632, 635 (2008) (citing *Smith v. Smith*, 43

Va. App. 279, 282 (2004)).

On May 25, 2021, appellant and appellee entered a lease agreement for appellant to rent

appellee's condominium unit in Fairfax from June 1, 2021, to May 31, 2022. Soon after moving

in, appellant complained to appellee of multiple issues with the property, including faulty air

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

conditioning, noisy neighbors, and cigarette smoke flowing into the residence. Consequently, appellant refused to pay rent in August and September 2021.

To resolve the conflict, the parties executed a lease termination agreement on September 3, 2021. The agreement set up a "cash-for-keys" framework, providing that appellee would forgo rent from August and September and would pay appellant a total of $2,750; in return, appellant would abide by the remaining terms of the lease but move out of the property by September 30, 2021, the new "Termination Date" for the lease.

After appellee sent the first payment to appellant, appellant sent appellee's counsel a letter to notify him that she would not vacate the property by September 30. In the letter, she explained her new residence was not yet ready and offered to renegotiate the lease termination agreement, warning, "I could stay a lot longer if we went to court."

Appellant never moved out. Appellee filed an unlawful detainer action against appellant in Fairfax County General District Court in October 2021, and the general district court awarded him possession on November 12.

Appellant appealed to the Fairfax County Circuit Court on December 8 and filed with that court a "Motion to Vacate Judgment" on January 18, 2022, before the circuit court's trial. The court held a hearing on the motion on January 28 and denied the motion "on the basis that there [was] no final judgment."[1]

The circuit court held a trial on February 3.[2] Appellant began her argument by asking the court to dismiss the case, asserting she did not receive a thirty-day notice of termination. She cited Code § 8.01-126's requirement that a termination notice be admitted into evidence before

---

[1] The record before this Court does not include the transcript from the motion hearing.

[2] The record contains only a partial transcript from the trial, which includes the parties' opening and closing arguments, as well as appellant's cross-examination of appellee.

the court can enter an order of possession. The court rejected that argument and refused to dismiss the case.

On cross-examination of appellee, appellant asked appellee if he had a certificate of occupancy for the property before they executed the lease; he admitted he did not but also noted he obtained the permit in January 2022. Ultimately, the court granted possession to appellee and awarded him attorney fees.[3] This appeal followed.

## II. ANALYSIS

Appellant makes two arguments on appeal. First, she claims that because she never received a thirty-day termination notice from appellee, the circuit court could not enter an order of possession. Second, she argues the court erred by denying her motion to vacate the "judgment for possession on the grounds that the lease was void" and the courts lacked jurisdiction to enforce a "void" lease.

### A. Appellant's First Assignment of Error

Before a court may enter an order of possession, the court must have admitted into evidence a "proper termination notice" presented by the plaintiff. Code § 8.01-126(E)(2)(a). Appellant claims she never received a thirty-day termination notice, so the court had no power to grant possession to appellee. This Court reviews this statutory argument *de novo*. *Esposito v. Va. State Police*, 74 Va. App. 130, 133 (2022).

Appellant's insistence that she receive a termination notice thirty days before the termination of the lease comes from subsection A of Code § 8.01-126: "For the purposes of this section, 'termination notice' means a notice given under § 55.1-1245 or other notice of termination of tenancy given by the landlord to the tenant of a dwelling unit . . . ."

---

[3] The circuit court awarded appellee a total of $18,640.57 in attorney fees and costs. On appeal, appellee does not request additional attorney fees.

Appellant thus looks to Code § 55.1-1245, which spells out the process for a lessor to evict a lessee for "material noncompliance" of the lease and other circumstances. That statute requires a notice of termination at least thirty days before termination of the lease.

While appellant is correct that the first portion of Code § 55.1-1245 itself requires a thirty-day notice, she ignores the second half of Code § 8.01-126(A), which adds that some "other notice of termination of tenancy" satisfies the proper termination requirement of Code § 8.01-126(E)(2)(a). When appellant agreed to the lease termination agreement, she also agreed to its explicit notice that the lease would terminate on September 30, 2021. This language in the agreement gave appellant sufficient notice and thus qualifies as some "other notice of termination." Code § 8.01-126(E)(2)(a); *cf.* Code § 55.1-1253 ("[T]he landlord and the tenant may agree in writing to an early termination of a rental agreement."). And because the appellee submitted the agreement to the circuit court, which subsequently admitted it into evidence, the court could enter an order of possession.

## B. Appellant's Second Assignment of Error

In her second argument, appellant claims the circuit court erred in denying her "Motion to Vacate the Judgment for Possession," which she filed before the circuit court held its trial. If appellant's motion was intended to reference the judgment for possession entered by the general district court, that judgment had already been vacated by operation of law upon appellant's filing of appeal to the circuit court. *Wright v. Commonwealth*, 52 Va. App. 690, 706 n.9 (2008) (*en banc*) ("[D]e novo appeals actually vacate the decision of the lower court as if it had never occurred and provide a new trial in the circuit court."). And if appellant's motion to vacate was made in anticipation of an order not yet entered by the circuit court, her motion was premature. The court, therefore, did not err in denying the motion.

- 4 -

### III.  CONCLUSION

Because appellant's first assignment of error fails and her second assignment of error is moot, this Court affirms the judgment below granting possession to appellee.

*Affirmed.*