COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Chaney, Raphael and Callins
Argued at Richmond, Virginia


CODY ALEXANDER LOWE

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0236-22-2                      JUDGE DOMINIQUE A. CALLINS
                                                    FEBRUARY 14, 2023

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GREENE COUNTY
Claude V. Worrell, Jr., Judge

        Caroline Ayres for appellant.

        Lauren C. Campbell, Assistant Attorney General (Jason S. Miyares,
        Attorney General, on brief), for appellee.


        Cody Alexander Lowe appeals the judgment of the Circuit Court of Greene County

dismissing his de novo appeals. The circuit court found that, pursuant to Code § 18.2-57.3(F),

Lowe waived his right to appeal the judgment of the Juvenile and Domestic Relations District

Court of Greene County (JDR court), which had found that Lowe was in violation of the

conditions of his deferred disposition and probation and adjudicated him guilty of assault and

battery under Code § 18.2-57. On appeal to this Court, Lowe alleges twenty assignments of

error generally asserting that the appeal waiver in Code § 18.2-57.3(F) does not apply to him,

that the JDR court lacked subject matter jurisdiction over his case, that he was denied his

statutory right to a de novo appeal under Code § 16.1-296, that he was denied due process, and

that his motion for reconsideration should have been granted. For the following reasons, we

affirm the judgment of the circuit court.

_____
* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

BACKGROUND

On April 12, 2021, Lowe was charged with committing assault and battery against J.M., in violation of Code § 18.2-57. The warrant did not allege that J.M. was a member of Lowe's family or household. On June 3, 2021, Lowe appeared in the JDR court with counsel. The Commonwealth nolle prossed a separate charge for assault and battery against a family or household member under Code § 18.2-57.2. Lowe pled to a deferred disposition and stipulated to facts sufficient to convict him under Code § 18.2-57.[1] The JDR court found that the facts were sufficient for a finding of guilt and deferred adjudication until June 1, 2023. The JDR court placed Lowe on probation for six months with the condition that he have no direct or indirect non-work-related contact with J.M. The JDR court indicated these rulings by checking off certain boxes and writing on the back of Lowe's arrest warrant, in addition to entering a "Probation Intervention Order" stating that the court was deferring judgment until June 1, 2023 and was placing Lowe on supervised probation for six months. The JDR court also checked a box on the dispositional section on the back of Lowe's arrest warrant that stated, "First Offender order attached and incorporated." However, the JDR court did not check the box on the back of Lowe's arrest warrant stating that the court would "place accused on probation, §§ 4.1-305, 18.2-57.3, 18.2-251, 19.2-303.2, or 19.2-303.6."

A few months later, the Commonwealth moved for the JDR court to issue an order requiring Lowe to "show cause why he is not in violation of his deferred disposition entered pursuant to Va. Code § 18.2-57.3." In support of the motion, the Commonwealth alleged that Lowe had made certain derogatory and threatening posts towards J.M. on his personal social media account. On July 22, 2021, the JDR court issued an order requiring Lowe to "show cause,

_____

[1] The record of the JDR court proceedings is incomplete and does not contain any information indicating what specific facts Lowe stipulated to when he pled to his deferred disposition.

- 2 -

if any, why he is not in violation of his deferred disposition . . . in violation of Va. Code § 18.2-57.3." On October 28, 2021, the JDR court found that Lowe had violated the conditions of his probation, adjudicated him guilty of assault and battery under Code § 18.2-57, and sentenced him to 90 days in jail with 80 days suspended. Lowe timely appealed the JDR court's decision to the Circuit Court of Greene County.

On November 29, 2021, the Commonwealth moved to dismiss Lowe's de novo appeals. In its motion, the Commonwealth stated that Lowe had entered into a plea agreement in the JDR court where the Commonwealth had nolle prossed one charge of assault and battery on a family or household member under Code § 18.2-57.2, Lowe stipulated to facts sufficient on a charge of simple assault and battery under Code § 18.2-57 that had been committed against a family or household member, and the JDR court found that Lowe was eligible for a deferred disposition under Code § 18.2-57.3. The Commonwealth asserted that, pursuant to Code § 18.2-57.3(F), Lowe had no right to appeal to the circuit court after he violated the conditions of his probation and was adjudicated guilty under Code § 18.2-57. In response, Lowe argued that nothing in the record showed that he stipulated that his simple assault had been committed against a family or household member. Lowe also argued that the JDR court did not check the box on the back of his arrest warrant indicating that he was being placed on probation pursuant to Code § 18.2-57.3. Thus, Lowe asserted that Code § 18.2-57.3(F) did not apply to him.

The circuit court held a hearing on the motion to dismiss and found that, pursuant to Code § 18.2-57.3(F), Lowe waived his right to appeal. The circuit court reasoned that the JDR court would not have had the authority to grant Lowe a deferred disposition and place him on probation subject to certain conditions unless the JDR court was acting pursuant to its statutory authority under Code § 18.2-57.3. The circuit court also noted that the fact that the probation box for Code § 18.2-57.3 was not checked off on the finding and disposition portions on the back

- 3 -

of Lowe's arrest warrant "isn't meaningful to the Court" because "[y]ou don't get to that box unless the charge has been dismissed." The circuit court dismissed Lowe's appeals and remanded the case to the JDR court. Lowe filed a motion for reconsideration in the circuit court on December 13, 2021, but obtained no ruling from the court on that motion. Lowe finally appealed to this Court.

## ANALYSIS

### I. Preliminary Matters

For Assignments of Error 10, 12, 13, 19, and 20, Lowe alleges various errors committed by the JDR court.[2] We find that this Court does not have jurisdiction over these assignments of error because they do not allege errors committed by the circuit court. *See* Code § 17.1-406(A) ("Any aggrieved party may appeal to the Court of Appeals from any final conviction in a *circuit court* of a traffic infraction or a crime." (emphasis added)); *Wright v. Commonwealth*, 52 Va. App. 690, 707 n.10 (2008) (en banc) ("Pursuant to Code § 17.1-406(A), we may hear appeals arising from final orders of conviction entered in the *circuit* courts—not orders of the district courts."); *Canova Elec. Contracting, Inc. v. LMI Ins. Co.*, 22 Va. App. 595, 599 (1996) ("Unless a statute confers jurisdiction in this Court, we are without power to review an appeal.").

For Assignment of Error 2, Lowe asserts that the circuit court, in dismissing his appeals, denied his constitutional right to due process. However, Lowe did not make this specific argument to the circuit court, and thus this assignment of error is barred under Rule 5A:18. For Assignment of Error 11, Lowe asserts that the circuit court erred by not granting his motion for reconsideration. Since Lowe did not obtain a ruling from the circuit court on this motion, this assignment of error is also barred under Rule 5A:18. The ends-of-justice exception to Rule

---

[2] On brief, Lowe refers to the JDR court as the "General District Court."

- 4 -

5A:18 is also inapplicable here because, as will be further explained, the circuit court did not commit error in this case.

## II. Code § 18.2-57.3(F) Appeal Waiver

For Assignments of Error 1, 3, and 4, Lowe asserts that the circuit court erred in dismissing his appeals because Code § 18.2-57.3(F) does not apply to him. He maintains that his warrant did not allege that he committed simple assault under Code § 18.2-57 against a family or household member, the Commonwealth nolle prossed his charge for assault against a family or household member under Code § 18.2-57.2, and the record does not show that he stipulated that his simple assault was committed against a family or household member. Lowe also points out that the JDR court did not check off the box on the back of his arrest warrant stating that the court was placing him on probation under Code § 18.2-57.3.

Code § 18.2-57.3(A) provides:

> When a person is charged with a simple assault in violation of subsection A of § 18.2-57 where the victim was a family or household member of the person or a violation of § 18.2-57.2, the court may defer the proceedings against such person, without a finding of guilt, and place him on probation under the terms of this section.

After a defendant fulfills the terms and conditions of his probation, "the court shall discharge the person and dismiss the proceedings against him" without an adjudication of guilt. Code § 18.2-57.3(E). However, if the defendant violates a term or condition of his probation, "the court may enter an adjudication of guilt and proceed as otherwise provided by law." Code § 18.2-57.3(F). Critically, "[a]ny person placed on probation pursuant to this section who is subsequently adjudicated guilty upon a violation of a term or condition of his probation *shall have no right of appeal on such adjudication*." *Id.* (emphasis added).

Given the limited record of the JDR court proceedings, whether Lowe entered into a deferred disposition under Code § 18.2-57.3 was a question of fact for the circuit court to decide,

and thus is subject to deferential review by this Court on appeal. "We will not set aside the factual findings of a trial court unless they are 'plainly wrong or without evidence to support [them.]'" *Farah v. Dep't of Medical Assistance Servs.*, 300 Va. 458, 470 (2022) (alteration in original) (quoting Code § 8.01-680).

Here, the circuit court, in evaluating Lowe's arrest warrant and the "Probation Intervention Order," concluded that the JDR court, in order to grant Lowe a deferred disposition and place him on supervised probation subject to certain conditions, necessarily must have been acting pursuant to its statutory authority under Code § 18.2-57.3, notwithstanding the fact that the probation box for Code § 18.2-57.3 was not checked on the finding or disposition portions on the back of Lowe's arrest warrant, which the court found was not dispositive. Having reviewed the limited record before us, we cannot say that the circuit court's factual findings were plainly wrong or without evidence to support them.[3] Thus, we will uphold the circuit court's conclusion that Lowe waived his right to appeal, pursuant to Code § 18.2-57.3(F).

### III. Subject Matter Jurisdiction

For Assignments of Error 5, 7, 8, 9, and 18, Lowe asserts that the circuit court erred in dismissing his appeals because the JDR court lacked subject matter jurisdiction over his appeals. Lowe maintains that the Commonwealth nolle prossed his assault charge against a family or household member under Code § 18.2-57.2 and that JDR courts do not have jurisdiction over simple assault charges under Code § 18.2-57 where the victim is not a family or household member. Under Code § 16.1-241(J), JDR courts have subject matter jurisdiction over "[a]ll

---

[3] We note that the JDR court had similar authority under Code § 19.2-298.02 to defer disposition of the assault and battery conviction subject to completion of probation and other court-ordered conditions and that pursuant to this statute Lowe's appeal rights would be similarly waived. Thus, the circuit court was not bound to find that the assault charge involved a family or household member to conclude that Lowe was subject to a deferred disposition arrangement by which he waived his right of appeal. Based on the record presented in this case, probation under either Code §§ 19.2-298.02 or 18.2-57.3 would have precluded Lowe's appeals.

offenses in which one family or household member is charged with an offense in which another family or household member is the victim."

Here, even if the Commonwealth nolle prossed Lowe's assault charge under Code § 18.2-57.2, the JDR court still had subject matter jurisdiction over Lowe's simple assault charge under Code § 18.2-57, so long as the victim was a family or household member. "On appeal, we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, and grant to it all reasonable inferences fairly deducible from the evidence therefrom." *Moody v. Commonwealth*, 28 Va. App. 702, 705 (1998). Considering the limited record before us, we will grant the Commonwealth the reasonable and fairly deducible inference that the JDR court, in entering a deferred disposition under Code § 18.2-57.3, did so based on the fact that Lowe had committed simple assault under Code § 18.2-57 where the victim was a family or household member. Thus, we hold that the JDR court had subject matter jurisdiction over Lowe's case under Code § 16.1-241(J).

IV. Statutory Right to Appeal

For Assignments of Error 6, 14, 15, 16, and 17, Lowe asserts that the circuit court, in dismissing his appeals, denied his statutory right to appeal the JDR court's judgment under Code § 16.1-296. Code § 16.1-296 states that "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction, an appeal may be taken to the circuit court within 10 days from the entry of a final judgment, order or conviction and shall be heard de novo."

As explained in Section II, *supra*, the circuit court did not err in finding that the JDR court had granted Lowe a deferred disposition and placed him on probation pursuant to Code § 18.2-57.3. Lowe was therefore subject to the requirement in Code § 18.2-57.3(F) that he shall have no right to appeal to the circuit court if he was adjudicated guilty after violating a term or

condition of his probation. Lowe was adjudicated guilty of simple assault under Code § 18.2-57 by the JDR court after he was found to have violated his probation by making derogatory and threatening comments towards J.M. on his personal social media account. Accordingly, pursuant to Code § 18.2-57.3(F), Lowe had no right to appeal to the circuit court. Thus, Lowe was not denied his statutory right to appeal to the circuit court under Code § 16.1-296.

## CONCLUSION

The judgment of the circuit court dismissing Lowe's de novo appeals as waived under Code § 18.2-57.3(F) is affirmed.

*Affirmed.*